66 So.2d 447

## MOORE v. MOORE.

### 4 Div. 673.

Supreme Court of Alabama.

June 30, 1953.

Albert L. Patterson, Phenix City, for appellant.

Smith & Smith, Phenix City, for appellee.

PER CURIAM.

This is an appeal from a final decree in a divorce suit. The complainant wife was granted a divorce. Both parties were given the right to remarry but the right of the husband was "upon complying with the terms of this decree,"—all of which was suspended sixty days as provided by statute. Code 1940, Tit. 34, § 38. The decree also made provision for the custody of their two children, one child to each parent. As to that no serious contention is here made. The decree also contained the following feature:

"(d) It is further ordered, adjudged and decreed by the court that the complainant Lois Moore have and recover of and from the repondent I. E. Moore a ⅓ undivided interest in and to all of the real property acquired or partly acquired by the respondent up to and next before the date of the last separation, as alleged in the bill, and or ⅓ of the net income derived from the rental of said real estate from and after October 1st, 1951. To have and to hold the same for and during her natural life, or until she is married and in case of either contingency with remainder over to the little girl now in complainant's possession, the same to be in lieu of all alimony for the complainant and the child in her custody.

"(e) It is further ordered, adjudged and decreed that counsel for the complainant be and they are awarded attorney's fee in the sum of $500.00; ⅔'s of which shall be paid by the respondent and ⅓ by the complainant out of her recovery.

"(f) It is further ordered, adjudged and decreed that the respondent shall make a report to the register on the first of each

month showing the amount and from whom and on what property the same was collected together with all amounts for taxes, insurance, repairs, etc. which shall be audited by the register such sum as and respondent shall pay over to the register such sums as may be due under this decree to the complainant."

There is much to be considered about paragraph (d). It first vests title in the wife to an undivided one-third interest in some undescribed land "and or" one-third of the net income derived from said real estate after October 1, 1951. The decree does not make reference to the theory on which the court vested the title in the wife. It must have been as alimony or support for her and the little girl whose custody was awarded to her, because (1) no other right is declared, (2) it is in the alternative of one-third the income from the land, and (3) it is for her life or remarriage with remainder to this child, not taking into account the boy awarded to the husband. The bill as amended in that respect is:

"That complainant and respondent, since their marriage and up until the time of their separation, worked together and applied their incomes and efforts to the acquisition of certain real estate in Phenix City, Alabama, as follows". (Considerable property is then described.)

It further alleges:

"That the title to the said lands were taken in the name of I. E. Moore her husband, the respondent in this cause, and that she, the complainant, contributed to the purchase of said lands by working with her husband in the electrical business, the keeping of books, the looking after their office, which was maintained in their home, and by her efforts and the reasons aforesaid, she is entitled to a one-half undivided interest in and to each of the aforesaid tracts of land, and that the said I. E. Moore, the respondent, has applied for rents and income from said real estate from time to time to the purchase of additional tracts of land as hereinabove set out, and that the same has been a gradual increase over a long period of time, due to their joint efforts and that the rental income from said property is at the present time, approximately seven hundred and no/100 ($700.00) dollars per month and that after a division of said real estate between them, that the said respondent is able to contribute to the support and maintenance of his daughter, Barbara Jean Moore and his son, George Edward, and that he should be required to do so."

It then prays "that there be made a division of the real and personal property ascertained to be owned by the complainant and respondent jointly, and sell the same for division under the rules prevailing in this court for the sale of real and personal property."

In our case of Coffey v. Cross, 185 Ala. 86, 64 So. 95, 96, using a quotation from Black on Judgments, it is said, " 'Whenever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and the other proceedings; and if, with the light thus thrown upon such entry, its obscurity is dispelled and its intended signification is made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms.' " But with that aid it must be clear and complete and must not leave it to some other authority or procedure to determine its meaning. Wade v. Gilmer, 186 Ala. 524, 64 So. 611; Oliver v. Oliver, 187 Ala. 340, 65 So. 373.

The decree here undertakes to vest in the wife an interest in all the real property acquired or partly acquired by the respondent up to and next before the date of the last separation, as alleged in the bill. The bill alleges that the separation occurred September 1, 1950. Doubtless that was the last separation. The amended bill describes land which it alleges was acquired by them after their marriage and up until the time of their separation. Presumably that land is what is referred to in the decree and makes certain the land referred to in it under the authority of Coffey v. Cross, supra.

But the decree is ambiguous in another respect, that is, in its use of "and or".

That seems to mean that either in addition to one-third interest in the land there is awarded one-third of the net income from the land, or that one-third net income from the land is in lieu of the one-third interest in the land. The decree should by its own terms leave no doubt or uncertainty in that respect and, therefore, it must be reversed and remanded.

 On remandment it is also available for the court to determine whether the allowance on divorce should be a lump sum of money payable in cash or by installments, or by transferring a certain piece of real estate to be held as was provided in the decree or in some other manner. It seems that this Court has approved such method of making allowance on a divorce *a vinculo matrimonii,* Coffey v. Cross, supra; see 19 Corpus Juris 262; 27 C.J.S., Divorce § 235, p. 968, but not so when it is for maintenance without divorce. Murray v. Murray, 84 Ala. 363, 4 So. 239; Clisby v. Clisby, 160 Ala. 572, 49 So. 445; Donaldson v. Donaldson, 216 Ala. 259, 112 So. 836; Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749.

We have been unable to find any other case which supports the decree to the extent of vesting in the wife the fee in some of the husband's land, but see Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244, which we presume the trial court followed, and was justified in doing so. However, the court should not handicap appellant by tying up his property so he can do nothing with it except permanently hold and rent it. This does not seem quite fair. We think the better view would be either to select one or more pieces of the property and vest title to it in the wife for life or until remarriage with remainder to the little girl, or to make a cash award payable all cash or in installments. The trial court is to exercise its discretion as to which method would better serve the situation.

The decree in other respects seems to be well supported. It should be affirmed insofar as a divorce and the custody of the children are concerned, with a reservation of jurisdiction to determine the other matters by the trial court, and reversed in other respects and remanded for further considera-tion in regard to the alimony allowance, attorneys' fee and costs.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.