118 So.2d 761

**Elouise TRIPP**

v.

**Sam TRIPP, as Executor.**

**6 Div. 366.**

Supreme Court of Alabama.

March 10, 1960.

Cato & Hicks, Birmingham, for appellant.

Jenkins & Cole, Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal from a decree of the Probate Court of Jefferson County wherein the Probate Court denied to Elouise Tripp, alleged widow of Amos N. Tripp, her claim for homestead and personal property exemptions allowed to the widow of the decedent under the law of this state.

The Court appointed commissioners to appraise the property of the decedent. After the report of the commissioners was filed heirs of the decedent filed objections to the report and an answer to the widow's petition, the ground for such objections and answer being that the said Elouise was not the widow of the decedent and was never legally married to Amos Tripp, deceased.

Evidence was taken on the issues framed and the court rendered a decree denying to Elouise Tripp her claim for homestead and personal property exemptions. From this decree the appeal is taken.

Appellant assigns as error the court's sustaining the objections filed to the report of the commissioners previously appointed by the court on the ground that such objections were not filed within thirty days as required by Tit. 7, § 676, Code of Alabama of 1940. While it is unquestioned that objections to the commissioners' report as such must be filed within thirty days, the heirs of decedent in this case likewise filed an answer to the petition of the widow alleging that she was not in fact the widow of the decedent. The issue, which is one of fact, was raised by the answer to the petition of the alleged widow filed by the heirs of the decedent. Certainly, if appellant was not the widow of decedent, she would be entitled to no exemptions.

The evidence discloses that decedent and Elouise Tripp went through a ceremonial marriage in 1931. However, there is undisputed evidence that at that time Rev. Amos Tripp, decedent, had a living wife from whom he was not divorced. Likewise, it is evident from the testimony of the witnesses that the appellant lived in Mobile and the decedent lived

in Birmingham from 1940 until the time of the death of Amos Tripp. Decedent's wife, Rebecca, whom he married in 1909, died in 1956. During the period from 1956 till the date of the death of Amos Tripp, the parties never lived together either in Mobile or Birmingham. Decedent lived in Birmingham and the alleged widow lived in Mobile during these years. There was evidence that they attended church conventions together and had attended one together in 1957, and at those times she was introduced as his wife. Appellant herself testified that during the three years prior to the death of Amos Tripp she had seen him "three times one year and twice the next year. In the last two years of his life, I saw him five times. For the last three years of his life, I was living in Mobile, and he was living here [Birmingham]." To establish a common law marriage, there must be a present agreement to take each other as husband and wife, followed by cohabitation or the mutual assumption openly of marital duties and obligations. Hill v. Lindsey, 223 Ala. 550, 137 So. 395; Barnett v. Barnett, 262 Ala. 655, 80 So.2d 626. Here, the evidence was taken ore tenus before the court. He found that there was not sufficient evidence in support of the alleged widow's contention that she was the common law wife of the decedent during his lifetime, and that she had not sustained the burden of proving herself the widow.

In view of the presumption in favor of the findings of the Probate Judge on appeal where he has seen the witnesses and heard the testimony, we cannot say his findings were palpably wrong. Bell v. Tennessee Coal, Iron & Railroad Company, 240 Ala. 422, 199 So. 813; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; Gray v. Weatherford, 227 Ala. 324, 149 So. 819.

Affirmed.

LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concurring.