120 So.2d 739

**Inzer Eugene JOHNSON, Jr.**

**v.**

**Mildred JOHNSON.**

**7 Div. 483.**

Supreme Court of Alabama.

May 19, 1960.

Pilcher & Floyd, Gadsden, for appellant.

Roy D. McCord and L. D. Martin, Gadsden, for appellee.

GOODWYN, Justice.

This is an appeal by the respondent from a decree of the circuit court of Etowah County, in equity, adjudging complainant and respondent to be husband and wife by virtue of a common-law marriage, granting to complainant (wife) a divorce, giving her custody of the parties' minor son, subject to respondent's right to reasonable visitation, awarding alimony and support for complainant and the child, ordering

respondent to pay the medical and hospital bills "in and about the birth of the expected child of the parties", and awarding a fee for complainant's attorney.

The only question presented on this appeal concerns the sufficiency of the evidence to support that part of the decree adjudging the parties to be husband and wife by virtue of a common-law marriage.

Most of the cases involving common-law marriages which have been reviewed by this court have been brought after the death of one of the parties, usually in connection with the disposition of the decedent's estate. It is not very often that the question arises while both parties are still living and able to testify. The present case is of the latter category. Both parties testified orally before the trial court. There was also documentary evidence bearing on the question whether there was a common-law marriage. Although appellant testified to the effect that there had never been any agreement between him and appellee to enter into the relationship of man and wife, there is ample evidence supportive of the trial court's finding to the contrary. As we see it, the conflicting evidence, and the conflicting tendencies to be drawn therefrom, presented a typical issue of fact to be resolved by the trial court as to whether the essential elements of a common-law marriage were established. On the record before us, considered in the light of the well-recognized presumption in favor of the trial court's finding from evidence taken ore tenus, we are not able to say that the court erred in its holding.

We see no good purpose to be served by discussing and analyzing the evidence in detail. It is sufficient to state, we think, that appellant takes the position that his relationship with appellee was nothing more than concubinage; that he never recognized her as his wife, even though he does not deny that he is the father of their son; that they did not live together as husband and wife and that at no time did he hold her out as his wife. In short, appellant denies any husband and wife relationship except for admitted sexual intimacies. On the other hand, there are circumstances testified to by appellee and others, including certain documentary evidence, which we think sufficient to support the trial court's finding of a common-law marriage.

While the evidence is by no means convincing that the parties initially understood and agreed that their relationship was to be as man and wife, it seems to us that the subsequent events were sufficient to overcome the presumption of a continuance of their original concubinal relationship, if such it was. For instance, a short time after appellee became pregnant, appellant purchased and gave to her a gold wedding band; on his income tax return appellant claimed appellee as a dependent wife and also claimed as dependents their child and appellee's child by a former marriage; the birth certificate for the child shows appellant and appellee as the parents; appellee took and used appellant's name; and there is evidence that appellant represented to the hospital, the doctor, and others, that appellee was his wife. There is also testimony to the effect that appellant rented places for appellee to live in and spent time with her at such places as husband and wife; that at one place he paid the initial deposits on certain utilities and had them put in the name of Mrs. Mildred Johnson; that, in connection with securing a place with the Greater Gadsden Housing Authority, he signed a statement that he was contributing $70 per month to Mildred Johnson who was dependent upon him for support.

Finding no basis for disturbing the trial court's decree, it is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and COLEMAN, JJ., concur.