159 So.2d 855

**Jesse (alias Jessie) BROWN**

v.

**Annie Mae BROWN.**

**6 Div. 12.**

Supreme Court of Alabama.

Jan. 16, 1964.

Morel Montgomery, Birmingham, for appellant.

Beddow, Embry & Beddow and Fred Blanton, Birmingham, for appellee.

MERRILL, Justice.

Appeal by husband from a decree granting a divorce to his common law wife, awarding custody of their minor children to her, ordering appellant to pay $100 per month for the maintenance of the children, ordering a property settlement and allowing attorneys' fees to appellee.

Appellant and appellee, Negroes, went through a ceremonial marriage in 1942, and lived together until 1951, when they were divorced. Their four children were born during this marriage, but only two were minors or dependent when the present suit was tried. A few months after the divorce, they were reconciled and started living together again as man and wife in a common law marriage. In 1955, this relationship was dissolved by a second divorce. In January, 1956, they again began living together as man and wife, and this status continued until January, 1963, when they separated and appellee filed her bill for divorce in the instant case.

Most of the assignments of error raise the issue that there was no common law marriage from 1956 to 1963 and, therefore, there could be no divorce.

■ To constitute a valid common law marriage in Alabama, it is not necessary that there be a ceremonial marriage. All that is required is that there should be an actual and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such a contract, consummated by their cohabitation as man and wife or their mutual assumption openly of marital duties and obligations. Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166; Jenkins v. Avery, 257 Ala. 387, 59 So.2d 671; Goodman v. McMillan, 258 Ala. 125, 61 So.2d 55; Tripp v. Tripp, 270 Ala. 320, 118 So.2d 761.

■ Here, weight is given to the fact that the "parties had in times past or subsequent to the claimed relationship recognized or entered into the common law marriage." Goodman v. McMillan, supra. Also, there was testimony that they discussed going back together after their second divorce; that appellant offered her a house, rented and later purchased a house; that they shared the same bedroom; that appellee had a miscarriage in 1958, that appellant paid her hospital bill; that the entire family lived together; that they had joint charge accounts at two stores; that appellant referred to appellee as his wife on many occasions, and that they were known as man and wife in the community.

■ On the record before us, considered in the light of the well-recognized presumption in favor of the trial court's finding from the evidence taken ore tenus, we are not able to say that the court erred in holding that there was a valid common law marriage which could be terminated once again by divorce. Johnson v. Johnson, 270 Ala. 587, 120 So.2d 739.

■ Assignment of error 6 charges that part of the decree a nullity which orders appellant to convey a one-half interest in the dwelling because it does not specify who the grantee in the deed should be. Paragraph 5 of the decree reads:

"Respondent shall convey by statutory warranty deed a one half interest in and to the dwelling formerly occupied by complainant and respondent numbered 517 4th Street North, which is more particularly described as follows :"

\*     \*     \*     \*     \*     \*

Whenever the judgment or decree is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and other proceedings to which it refers, and it should be interpreted in the light of the pleadings and the entire record. Bullard v. Williams, 272 Ala. 391, 133 So.2d 688; Taunton v. Dobbs, 240 Ala. 287, 199 So. 9; Coffey v. Cross, 185 Ala. 86, 64 So. 95. When viewed in the light of the pleadings and the entire record, and the fact that there was only one party complainant and one party respondent, it is clear that the decree means that the appellee is to be the grantee in the deed.

Assignment of error 8 complains of the awarding of $625 as attorneys' fees in the trial court. The amount is not contested, but the argument is based upon the claim that no common law marriage existed. That question has already been settled adversely to appellant.

Appellee has filed a petition for allowance of counsel fees on this appeal. We may, in our discretion, make an allowance for her representation on appeal where application is made to us to do so. Walling v. Walling, 253 Ala. 337, 45 So.2d 6; Windham v. Windham, 234 Ala. 309, 174 So. 500. A fee of $250 is awarded. Walling v. Walling, supra; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645.

Affirmed, with an allowance for attorneys' fee on appeal.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.