169 So.2d 762

Reese H. HARDIN

v.

Mary G. HARDIN.

7 Div. 632.

Supreme Court of Alabama.

Dec. 10, 1964.

filed in the same proceeding a petition for a temporary writ of injunction to remove appellant from her house and to restrain him from going on said premises and to cease disturbing and interrupting complainant and her two children.

After answering and denying that complainant is entitled to a divorce, custody of the children, support for them, and an injunction, respondent filed a cross-bill, which, as last amended, sought an adjudication of his rights or interest in several corporations in which he claimed to be a stockholder, and also of his right or interest in several tracts of land. The cross-bill was in the nature of a bill for discovery of assets belonging to him and alleged to be in the name of or in the possession of complainant. The complaint, as to his interest in the real propert.- and in the corporate entities, contained many allegations with potentialities of extended litigation.

The trial court, after several observations of factual findings, and judicial utterances classic in their nature, rendered a decree granting complainant (1) a divorce a vinculo; (2) awarding custody of the children to the mother with right of visitation by the father after notice to the mother of the intended visit. No alimony or support for the children was decreed.

J. Richard Carr, Gadsden, for appellant.

Lusk, Swann & Burns, Gadsden, for appellee.

**PER CURIAM.**

Appellee filed her suit in the circuit court of Etowah County, in equity, seeking (a) divorce (from appellant) a vinculo matrimonii on the ground of cruelty; (b) alimony and attorney's fee; (c) custody of two minor children born to her marriage with appellant; (d) support for the children. The complaint contained a jurisdictional averment of appellee's residence in Alabama.

A few days following the filing of the petition for divorce, appellee caused to be

The cross-bill, as last amended (adding sections 8–A (1–4) and 8–B), specifically alleges that cross-complainant and his wife jointly and severally own large amounts of real and personal property, including capital stock in several (listed) corporations; also, in various real estate holdings to which reference was made; that they own joint interest in real estate mortgages of value in excess of $100,000.00; jointly own a large amount of cash money in various safes and safety deposit boxes at places known to cross-respondent and secreted and concealed by her from cross-complainant; also, he asked for discovery of the assets which he contends belong to him in whole or in part. Cross-complainant also prayed for a reference to ascertain what portion of the real and personal property, money

and other assets are owned by him, and for an order to the cross-respondent to convey and turn over to him such of said property as may be revealed by said reference to be owing to him. Also, cross-complainant prayed for general relief.

Cross-respondent addressed a demurrer to the two paragraphs (8–A(1–4) and 8–B), a ground of which was that the cross-complaint, as particularized by these two paragraphs, was not germane to the original bill. The trial court overruled the demurrer. Appellee contends here by appropriate assignment of error that the ruling on the demurrer was error to reverse.

The trial judge, as a property settlement between the parties, decreed:

"FOURTH: As a property settlement between the parties the Court orders to-wit:

"a. The Plaintiff shall pay all unpaid installments due in the Federal Court settlement of the Pacific Indemnity Company arising from the Glencoe Paving Company transactions, to-wit: $50,000 of which approximately $35,000 is unpaid; and Plaintiff is to pay the Defendant $400.00 per month beginning August 1, 1963, and $400.00 the 1st day of each month thereafter until the further orders of this Court.

"b. All title to the jointly owned personal property, to-wit: household furniture and goods, bonds payable to bearer, and cash left in the possession of the Plaintiff or her father is hereby divested out of Defendant and vested into the Plaintiff.

"FIFTH: The Defendant is restrained and enjoined from molesting or interfering in any way or manner with the Plaintiff, her father, any officer, agent or employee in and about the operation of any business venture Plaintiff has a financial interest in.

"SIXTH: Defendant is restrained and enjoined from molesting or interfering with Plaintiff, her parents, or the children of Plaintiff and Defendant, at any and all places and particularly in and about Plaintiff's home.

"SEVENTH: That the cost of Court accrued herein are hereby taxed against the Plaintiff, for the collection of which execution may issue."

Appellee cross-assigns as error subsection (a) above set forth, while appellant contends, by appropriate assignment of error, that the court erred in awarding payments of $400.00 because of inadequacy.

In addition, appellant assigns as error the granting of the divorce, awarding custody of the children to complainant, and injunctive relief. Also, appellant contends that the court failed to acquire jurisdiction to enter a divorce decree because the proof failed to sustain the allegation of residence on the part of complainant.

■ We are not in accord with the contentions that the divorce should not have been granted; nor do we agree that the custodial award of the children to the mother was in error. And we cannot agree that the evidence failed to prove jurisdictional residence. Also, we think injunctive relief to restrain respondent from the premises and to prevent disturbance by him was justified under the evidence.

In order to obtain a more comprehensive picture of the evidence than the narration thereof in the briefs by both parties affords, we read the text of all the evidence. Some of it was repetitious due to the fact that appellant, for some reason known to himself, or at least not shown by the record, did not avail himself of an attorney during the trial, but undertook (poorly we think) to represent himself.

We might state parenthetically that the trial judge advised appellant that he should be represented by an attorney on the trial, and gave him every opportunity to procure such services; also, that the court was extremely considerate of appellant in his efforts to represent himself and exercised

the "patience of Job." Inadequacy of such representation is due to no fault of the court.

There is ample evidence from which the court could (and did) conclude that both parties to the suit were residents of Etowah County for the required time when suit was filed. The evidence tended to show that several years before suit was filed the parties in marital cooperation purchased some real estate upon which they built or caused to be erected an expensive home, which they appropriately furnished with fine furniture and modern household fixtures; that they lived in this home for several years and were living there when the violence or acts of alleged cruelty were committed; also, the evidence shows that they owned and conducted business enterprises in Etowah County and in other counties in Alabama, which required their several and joint attention. We deem it unnecessary to point out other evidence which sustains the allegation of residence on the part of complainant and respondent.

Appellant also complains that the proof does not sustain the allegations of cruelty appearing in the complaint. While the alleged conduct of appellant as to physical assault on complainant might, to some extent, have been invited by antecedent and surrounding circumstances, we think there was sufficient evidence to sustain the trial court's finding of fact favorable to complainant on the issue of cruelty. It is true that respondent's evidence, if taken as true, completely refutes the allegation, but the testimony of complainant and other witnesses, if believed, sustains the allegation. It is unnecessary for us to go into details of the evidence, but suffice it is that we will not reverse the trial court on this issue. In order to do so, we would have to say that the trial court's conclusion was palpably erroneous and manifestly unjust. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621(1). The witnesses were before the court for his observation in their oral statements. By this personal observation, the trial judge could fairly evaluate the testimony for truthfulness and veracity.

We are unwilling to disturb the decree of the trial court in awarding the children to the custody of their mother, and imposing on appellant the duty of notifying the mother in advance of his intended visit with them as authorized by the decree. Again we point to the fact that the trial court heard all the evidence from the mouths of the witnesses as they appeared before him and had a good opportunity to form a correct conclusion as to their veracity and truthfulness on the issue. We cannot say that the trial court, in making this award with fringe conditions as to appellant's right to visit the children, decreed unjustly or unwisely.

Appellee earnestly insists by cross-assignment of error that the trial court erred to reverse in overruling her demurrer, with particular reference to paragraphs 8–A(1–4) and 8–B, which assert the phases of the bill contained in said sections are not germane to the original bill.

We have held that a cross-bill must be made up of defensive matter to the original bill, in whole or in part, or seek to modify the relief complainant obtains. Emens v. Stephens, 233 Ala. 295, 172 So. 95(1).

Here complainant prays that she be awarded alimony. In so doing, she opened wide the door for any defensive matter on that issue, or to evidence in modification of such relief.

We held in O'Bannon v. O'Bannon, 257 Ala. 246, 249, 58 So.2d 779, 782, as follows:

"On account of the divorce which destroys her homestead and dower rights in her husband's property, and in lieu thereof and for her support, the court may award alimony either in money or property. It could very properly take into consideration the contentions made by her with respect to her contributions both in money and services in building the house. It may

be that the court considered under all the circumstances that she was entitled to a half interest in such property by way of alimony, and in that view of the situation it cannot be said there was error in the decree. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198."

We also quote from Singer v. Singer, 165 Ala. 144, 149, 51 So. 755(2), 757, 29 L.R.A.,N.S., 819, as follows:

"One of the grounds of equitable jurisdiction is to avoid a multiplicity of suits, and where the only two parties interested are before the court, and there is no repugnancy, and no mixing of incongruous subjects, there seems to be no reason why it should be necessary to have two suits. In fact, in the present case, there is no question about the right to provide for alimony, and, in order to act intelligently on that question, it is necessary that the court ascertain what property the husband has and what property the wife has, and if the point is raised that certain property, standing in his name, really belongs to her, it seems that this is the most convenient and appropriate time and way to settle that matter, in order that complete justice may be accomplished."

We think that on the issue of alimony the court could not only ascertain what property in the name of the husband, or in his possession, belongs to complainant, but also under the cross-bill what property in the name or in possession of the wife belongs to cross-complainant. We pretermit observing whether or not the cross-bill would be germane without the issue of alimony.

■ As we understand his assignment of error and argument, appellant questions the correctness of that portion of the decree which awards to him the sum of $400.00 per month. By an assignment of error, appellee also contends that the trial court erred in decreeing such payments. So we have both appellant and appellee contending error to the same provision of the decree.

Appellee also questions by assignment of error the provision of the decree requiring her to pay a $35,000.00 judgment obtained in the federal court against appellant. It is to be noted that there was no intervention by the judgment creditor to subject assets of appellant here in dispute to payment of the balance due on this judgment. This judgment creditor is not a party by intervention or otherwise.

Under the pleadings and evidence in this case, we think it was beyond the authority and jurisdiction of the trial court to effect, as undertaken, an adjustment of property rights of the parties in the manner which the decree reflects. In the first place, the decree fails to adjudicate what property, real or personal, in the name of cross-respondent or in her possession, belongs to cross-complainant. Without such an adjudication, it was beyond the power of the court to decree payment of any sum under the pleadings. Adair v. Adair, 258 Ala. 293, 62 So.2d 437(10–11). If appellant is entitled to $35,000.00 as his part of any money or property rightfully belonging to him, and in the possession and under the control of his wife, the court was without authority to direct payment to a judgment creditor which was not a party to the suit.

By ordering payment of $400.00 per month without any limitation of time or amount, the decree lacked certainty and definiteness, and did not inform appellee how much she would have to pay nor how much her liability is under the pleadings. Also, the court failed to adjudicate that the money belongs to cross-complainant. Adair v. Adair, supra.

The trial court committed reversible error in ordering payment to the judgment creditor of $35,000.00 and in ordering cross-respondent to pay cross-complainant the sum of $400.00 per month.

We also state that the court erred in enjoining cross-complainant from interfering with the operation of the several business establishments mentioned in the pleadings. We cannot find in the record any pleadings filed by cross-respondent that seek such relief.

We wish to observe that under the evidence adduced by cross-complainant, in his frail efforts to represent himself, the record with respect to the property rights of the parties is a confused mess. We do not see how the trial court, under the bungled state of the evidence, could have rendered a decree that does justice to the parties with respect to the widely ramifying property, real and personal, that the parties claim. Indeed, it will take an adversary lawyer of skill and competence, along with able counsel now representing complainant (cross-respondent) to clarify the factual issues relating to the entangled condition of the alleged property rights. Without the aid of a lawyer, left reasonably free to conduct the trial of cross-complainant's rights as he deems best, it seems to us that cross-complainant (appellant here) will experience extreme if not hopeless difficulty in adequately presenting his claims under his cross-bill to the trial court.

It occurs to us that under the state of the evidence, now before us, that the trial judge might have been well within the law in denying to cross-complainant any relief whatsoever as to his alleged property rights, although we might observe that there is some evidence, very faint, more moral than otherwise, which supports cross-complainant in his efforts to regain some of his alleged property, but as to which, and how much we will omit any statement with reference thereto.

That part of the decree which grants the divorce, awards custody of the children, restrains respondent from the home of complainant and from interfering with her custody of the children, is affirmed. But that part which decrees payment of the $35,-000.00 in satisfaction of the judgment; that part which awards cross-complainant the sum of $400.00 per month, and which also enjoins him from interfering with the business operations, be, and is, hereby reversed. The cause is also remanded for further proceedings on the issues embraced in the reversal, or for other proceedings that may lawfully follow additional pleading.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed in part; reversed and remanded in part.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.