PER CURIAM.
This is a divorce case.
The record reveals the following: The parties were married in May, 1970; separated in April, 1978; and divorced on the ground of incompatibility by order of the Circuit Court of Montgomery County on September 11, 1978.
The trial court’s decree, in addition to divorcing the parties, awarded custody of the parties’ eight year old child to the wife and ordered the husband to pay $210 per month in child support. The court effected a division of the parties’ personal property.
In paragraph seven of the final decree, the court provided that the wife was to have possession of the parties' home, but title to the property was vested in neither party. The wife was to have possession until she remarried, the minor child attained the age of eighteen, or she vacated the premises. On the occurrence of any of these three contingencies, the wife was to pay the husband the sum of $9,500, i. e., approximately 50% of the home’s current equity. The decree in this regard specifically provided:
7. That the residence of the parties at 344 West Rutgers Loop, Montgomery, Alabama, shall become the sole and exclusive possession of the Wife subject to a vested interest of the husband of $9,500.00, which shall be paid to the Husband at such time as the child reaches the age of 18, the wife remarries, or the Wife vacates the home.
Distinguished counsel for the wife contends that the requirement that the wife pay the husband $9,500 is in effect, an impermissible award of alimony to the husband. The wife’s counsel, in a well reasoned brief, maintains that this award is nothing more than an equitable property division in that the trial court recognized that the husband is, in the future, entitled to a reasonable share of the current equity in the home even though it is uncertain when the husband will receive the proceeds. *1136 We pretermit discussion of these contentions, because in this instance, as set forth below, we are of the opinion that the final decree is unenforceable in that it lacks certainty and definitiveness.
At the outset we note that an otherwise ambiguous divorce decree may be upheld if its intention is made clear by resort to the pleadings or other matters of record. Brown v. Brown, 276 Ala. 153, 159 So.2d 855 (1964); Coffey v. Cross, 185 Ala. 86, 64 So. 95 (1913). However, it is well settled in this state that where resort to the record does not make clear the otherwise ambiguous language, it is proper for the appellate court to remand the proceedings in order that the trial court reframe the decree to dispel its obscurity. Hardin v. Hardin, 277 Ala. 318, 169 So.2d 762 (1964); Moore v. Moore, 259 Ala. 326, 66 So.2d 447 (1953); Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244 (1945); McGugin v. McGugin, Ala.Civ.App., 357 So.2d 347 (1978).
The obscurity of the language of the instant decree is not rendered more definite by resort to the pleadings or other matters in the record. The order imposes certain contingent obligations upon the wife with respect to the property but the decree is conspicuously devoid of any reference as to the party in which title is reposed. In addition, there is an apparent attempt to create a lien in favor of the husband in the amount of his share of the property’s current equity, but here again, the lien is not tied to ownership of the realty. Because of the uncertainties of the parties’ rights with respect to ownership of the property, and attendant contingencies which are by no means paragons of clarity, we remand the case for clarification. While this court could under proper circumstances reform a decree of this nature, Coffey, supra, in view of the above we do not do so in this instance.
In view of the above, it would be inappropriate to discuss other contentions raised by the wife.
The wife has requested that this court award a fee for her attorney’s service on this appeal. In view of the above, keeping in mind that we have not granted to the wife any specific affirmative relief, we decline at this time to award an attorney’s fee.
The case is reversed and remanded for appropriate clarification.
REVERSED AND REMANDED.
All Judges concur.