The appeal is from an order of the circuit court construing a provision in a prior divorce decree plus ascertaining the arrearage in child support payments.
The parties to this proceeding were divorced in August 1977. The parties had one child, three years old, custody of whom was awarded to the father.
An agreement was entered into by the parties and made a part of the divorce decree. The portion of the agreement that is in dispute is paragraph 2 thereof, which is as follows:
 2. Plaintiff, SUSAN MANGO HORSLEY, agrees to contribute up to ONE THOUSAND TWO HUNDRED DOLLARS ($1,200.00) per year to the minor child's expenses in attending any kindergarten, day care center, parochial or private schools until the child reaches the age of nineteen (19) years. In the event said child should attend college then said payment shall continue until the child reaches an undergraduate degree. It is further agreed that in the event said child shall attend a public school and not incur any school expenses, then the Plaintiff shall deposit the sum of ONE HUNDRED DOLLARS ($100.00) per month in the existing trust fund savings account at City Federal Savings Loan Association with the said child as beneficiary and LOUIS MANGO, SR. as guardian. Said payments are not to be construed as child support.
On August 31, 1979 the father filed a rule nisi petition seeking to have the mother held in contempt for failure to comply with the terms of paragraph 2 of the agreement. After a hearing the trial court construed paragraph 2 to require the mother to pay child support to the father and ascertained the arrearage. She appeals; we affirm.
An agreement between the parties to a divorce action with respect to child support when adopted by the court and made a part of the final decree is merged into the decree, and such decree is as effective as any other decree with the same terms whether there was an agreement to that effect. Hutton v.Hutton, 284 Ala. 91, 222 So.2d 348 (1969).
The agreement was made a part of the court's divorce decree and such decree is to be enforced as other court decrees with the same terms are enforced. Wise v. Watson, 286 Ala. 22,236 So.2d 681 (1970).
The trial court construed paragraph 2 of the agreement to require the wife to pay child support to the husband/father and also determined the amount of child support that the wife was in arrears. The wife contends here that the trial court erroneously construed paragraph 2 to require her to pay child support to the father and that the amount of the arrearage found to be due is unsupported by the evidence.
Judgments and decrees are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. Pricev. Price, Ala.Civ.App., 360 So.2d 340 (1978); Reeder v. Reeder, Ala.Civ.App., 356 So.2d 202 (1978). Such intent can be derived from the provisions of the agreement. Reeder v. Reeder, supra.
Also, where a judgment or decree is so obscure that it fails to express the exact determination of the court, reference may be had to the pleadings, other proceedings to which it refers, and the entire record, to ascertain its true meaning. Brown v.Brown, 276 Ala. 153, 159 So.2d 855 (1964).
A careful examination of paragraph 2 of the agreement discloses that the wife agrees in the first portion of the paragraph to pay up to $1,200 a year if the child is in a private school; then, in the second part of the paragraph, she agrees to pay $100 per *Page 1060 
month to a trust fund of which the child is a beneficiary if the child is attending a public school.
The evidence shows that at the time the agreement was made, the child was three years old and enrolled in a day care center for which the mother was paying $100 a month. The evidence also shows that the mother made one payment of $100 after the divorce.
It would not be unreasonable to conclude, as the trial court obviously did, that the parties intended that the mother, who was employed at the time of the agreement and earning approximately $200 per week, was to pay $100 per month toward the support of the child whether the child was in private or public school.
Even though the first part of paragraph 2 required the wife to pay up to $1,200 per year if the child was in a private school, the second part clearly required of her the payment of $100 per month to a trust fund if the child was in public school. And, the mother was paying $100 per month for the child to be cared for in a private school at the time of the agreement. Clearly, the parties intended that the wife pay $100 per month for the child's support whether the child was in a private or public school. Thus, the trial court correctly interpreted paragraph 2 of the agreement.
The mother's final contention is that the amount of arrearage found by the trial court is unsupported by the evidence.
After interpreting the divorce decree to mean that the mother was obligated to pay $100 per month toward the support of the child, the trial court found that in a two year period, i.e.
two years had elapsed from the divorce decree to the filing of the rule nisi petition, the mother had made one payment of $100. Simple arithmetic shows that the total amount due from the mother was $2,400 ($100 time twenty-four months). Then when you subtract from that amount the $100 she paid, you get a balance due of $2,300. This is the amount the trial court found to be in arrears. We hold that its finding is supported by the evidence.
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.