BRADLEY, Judge.
This is a divorce case.
Karen Allen Martin and Joseph Patrick Martin were married on May 10, 1980. Subsequent to the marriage the parties moved into a house owned and previously occupied by the wife, where they lived until their separation in August or September of 1980. The husband was by profession an interior designer. During the few months of marriage he began to redesign and redecorate the wife’s house, selling all of her old furniture and replacing it with new items. The husband’s redecoration of the house included draping the living room ceiling with over one hundred yards of fabric, installing parquet and other designer floor *142 ing in parts of the house, making a custom designed carpet for the dining room, and covering the walls of the foyer and other rooms with expensive materials. The husband also began to remodel a portion of the basement of the house, knocking down walls and constructing new ones to render the area suitable for an office.
On August 11, 1980 the wife filed for divorce in the Shelby County Circuit Court, alleging as grounds certain incidents of physical cruelty. The trial court heard testimony ore tenus, and on April 2, 1981 a decree was entered divorcing the parties from the bonds of matrimony and effecting a disposition of property. Pursuant to the decree, the wife was awarded the house in which the parties lived, free and clear of any interest of the husband, along with “all improvements on said house” accomplished by the husband. She was also awarded various articles of furniture and certain other items of personal property. The husband was instructed to complete the remodeling begun in the basement within ninety days from the date of the decree. The husband was awarded the 1979 Buick automobile purchased by him prior to the marriage; he was further awarded “any and all samples, tools and other equipment used in his profession,” and “all other personal property owned by the Defendant prior to the marriage, or purchased by his company during the marriage.” The husband was instructed to pay the wife’s attorney’s fee.
The wife thereafter filed a motion to reconsider the final decree, a motion to stay the operation of the decree, and a motion to require the husband to post a bond to insure completion of the basement remodeling. All motions were denied. An amended judgment was entered on July 21, 1981 regarding the enforcement of the original decree. Prom that judgment Karen Allen Martin brings this appeal.
The issue to be decided by this court is whether the provisions of the final divorce decree are too ambiguous to be enforceable. The wife contends that the language of the decree awarding the husband “any and all samples, tools and other equipment used in his profession,” and “all other personal property owned by the Defendant prior to the marriage,” is vague in that it fails to properly designate the specific items to which the husband is entitled. She further complains that the language as it presently stands would entitle the husband to repossess various articles incorporated into the design of the house, specifically, the flooring, ceiling fabric, wall coverings and custom-made rug. We find her contentions to be without merit.
We find no ambiguity in the terms of the divorce decree. Paragraph 5 awards to the wife the entire interest in the house, along with “all improvements” to the house performed by the husband. This would of necessity include the wall coverings, ceiling fabric, flooring, and custom-made rug, all of which have become “attached to” and have become an inseparable part of the house itself. The husband is not entitled to remove these “improvements,” nor does he have any intention of trying to do so, as he states in his brief. The award to the husband of samples, tools and other equipment, and other personal property clearly includes only those items used in his business or which he owned prior to the marriage, and which are not incorporated into the design and structure of the house.
We would further note that even if the decree were found to be ambiguous in certain of its provisions, an otherwise ambiguous divorce decree may be enforced if its intention is made clear by resort to the pleadings or other matters of record. Webb v. Webb, 366 So.2d 1134 (Ala.Civ.App.1979). From our perusal of the record and the accompanying documents, we find that the husband possessed various other items which he used in his business as an interior designer, not specifically attached to the wife’s house. The trial court in its decree clearly intended the award to the husband to include these items, as distinguished from “improvements” awarded to the wife in the same decree.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.