BRADLEY, Judge.
The parties to this proceeding were divorced in October 1982. The decree incorporated the written agreement of the parties. The agreement provided, in part, that the husband was to pay the wife $50 per *303 week alimony and that as a part of the property settlement the “Defendant [wife] is vested with all right, title, and interest to the 1980 Datsun 200 SX and shall be responsible for any outstanding indebtedness upon said vehicle.”
The record reveals that the husband borrowed the money to purchase the automobile from the Central Bank of Gadsden, Alabama. The face of the note contains the statement that the loan is for the purpose of purchasing a car. However, the car was not pledged as security for the loan. The husband’s parents permitted him to pledge a savings account they owned at the bank as collateral for the loan.
After the dissolution of the marriage and in accordance with the divorce decree, the wife made sixteen payments on the car loan. As reflected by the wife’s testimony, she stopped making the payments when she learned the car had not been pledged as collateral for the car loan. The husband made the payments on the car loan to avoid foreclosure on his parents’ savings account.
In March 1985 the wife filed a petition seeking a modification of the divorce decree to allow her to receive $100 per week as child support and to ascertain the child support arrearage. The husband counter-petitioned, asking the court to interpret and clarify the provision in the original decree requiring the wife to be responsible for the outstanding indebtedness on the automobile she received as a result of the divorce decree.
After hearing the testimony of witnesses and receiving other evidence, the trial court ruled that any arrearage in child support payments was to be made to the wife, that child support payments would not be increased, and that wife was responsible for the payments on the car loan made at Central Bank, and that she was to reimburse husband for any payments he made on such loan after wife stopped making such payments. Wife appeals from that aspect of the judgment holding her responsible for the payments on the car loan.
The wife argues that the trial court erred by modifying the original divorce decree to require her to make the car loan payments. She says that the provision in question was a part of the property settlement decreed by the court and cannot now be modified. The effect of such order, she says, is to require her to pay a debt that she did not incur and that is not a debt against the car she received in the divorce settlement.
“[D]ivorce decrees are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. Such intent can be derived from the provisions of the agreement. Horsley v. Horsley, 390 So.2d 1058 (Ala.Civ.App.1980), cert. denied, 390 So.2d 1060 (Ala.1980).
“... Where the decree does not clearly express the exact determination of the court, reference may be had to pleadings and other proceedings to which it refers, and it should be interpreted in light of the pleadings and the entire record. Horsley v. Horsley, supra; Reeder v. Reeder, 356 So.2d 202 (Ala.Civ.App.1978).”
Satterfield v. Satterfield, 419 So.2d 601 (Ala.Civ.App.1982).
The evidence clearly shows that the loan was made to finance the purchase of the car in question, that the car was purchased from the wife’s employer, that the wife received the car in the settlement agreement, and that she made sixteen payments on the loan as she had agreed to do in the agreement. Based on this evidence the trial court could have reasonably concluded that the wife was aware of the loan obtained by the husband and that she was aware of the purpose of the loan. Having so found, the trial court was thereby authorized to conclude that the wife had agreed to be responsible for the loan payments. Since the wife was responsible for the loan payments pursuant to the property settlement provisions of the divorce decree, the trial court did not commit error in requiring the wife to reimburse the husband for those payments he had made on the loan.
*304 The decree of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.