ALMON, Justice.
Ginger Medders Timmons brought this action, alleging fraud, misrepresentation, and fraud by conspiracy against Central Bank of the South, its employee Gary Archer, and Timmons’s former husband, Charles Nelson Medders. The complaint alleged that the defendants fraudulently represented to Timmons that she was obligated to pay an indebtedness secured by her automobile, when in fact there was no indebtedness actually secured by the automobile. The trial court granted summary judgment for all defendants.
The Etowah County Circuit Court entered a judgment dated October 26, 1982, dissolving the marriage of Timmons and Medders; that judgment awarded to Tim-mons all right, title, and interest to a 1980 Datsun 200SX automobile owned by the parties during their marriage. Timmons was declared responsible for “any outstanding indebtedness on the 1980 Datsun automobile.” The record reveals that to purchase the automobile Medders had borrowed the money from Central Bank of Gadsden, Alabama. The face of the note contains the statement that the loan was for the purpose of purchasing a car. However, the car was not pledged as security for the loan. Medders’s parents permitted him to pledge a savings account they owned at the bank as collateral for the loan.
Pursuant to the divorce decree and allegedly in response to misrepresentations by Gary Archer of Central Bank and by Med-ders to the effect that failure to make payments would result in repossession of the automobile, Timmons made 16 monthly installments to Central Bank on the promissory note signed by her former husband. Timmons stopped making payments when she learned that the car had not been pledged as collateral for the car loan. Medders began making the payments on the note in order to avoid foreclosure on his parents’ savings account.
In March 1985, Timmons filed a petition seeking modification of the divorce decree to allow her to receive additional child support and to ascertain the child support ar-rearage. Medders counterpetitioned, asking the court to interpret and clarify the provision in the original judgment making the wife responsible for the outstanding indebtedness on the automobile she received as a result of the divorce judgment.
The trial court ruled that Timmons was responsible for the payments on the Central Bank loan and that she was to reimburse Medders for any payments he had made on it after she stopped making payments. Timmons appealed and the Court of Civil Appeals affirmed.
Timmons then brought this separate action, alleging that statements by Gary Archer, an employee of Central Bank, threatening to repossess her car should she fall behind in her payments, amounted to fraud and misrepresentation. Medders is also alleged to have made fraudulent misrepresentations in conspiracy with Archer concerning Timmons’s liability for the car loan payments. Timmons alleges that her reliance on the representations of Medders and Archer resulted in her making a total of $2,392.29 in payments for which, she says, she was not in fact liable. Timmons maintains that she is not liable on the Central Bank note because the car was not the actual collateral pledged to secure the note and only Medders’s signature appears on the note.
The trial court granted summary judgment in favor of all defendants.
Timmons argues that the instant tort action should not be barred by the circuit court’s resolution of the divorce modification action. She maintains that this action and the divorce modification action did not arise out of one single act, and therefore that this action should not be barred by res judicata.
Res judicata and collateral estoppel are rules for determining the conclusiveness of prior judgments. Conley v. Beaver, 437 So.2d 1267 (Ala.1983); Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978). In Wheeler this Court set out the elements of collateral estoppel or “issue preclusion” as the term is used in Owen v. Miller, 414 So.2d 889 (Ala.1981).
*847 “Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estop-pel to operate are (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; (3) resolution of the issue was necessary to the prior judgment.... If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit. Gulf American Fire & Casualty Co. v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968).”
364 So.2d at 1199.
Applying these criteria to the facts in this case, we find it clear that collateral estoppel or issue preclusion works to prohibit relitigation of the issue of Timmons’s liability on the Central Bank loan. The court in the divorce modification action specifically found that she was required to pay the indebtedness that had been incurred for the purpose of purchasing the 1980 Datsun 200SX automobile.
One of the issues in the prior case was the liability on the note. This same issue is presented in Timmons’s complaint alleging misrepresentation concerning her liability on the note. The issue decided in the prior case was clearly necessary, and that issue was actually litigated and determined by the trial court and its judgment affirmed by the Court of Civil Appeals. Timmons v. Medders, 504 So.2d 302 (Ala.Civ.App.1987).
Timmons contends that this action should not be barred by the previous action because the two suits do not involve the same cause of action and the issues presented are not identical. She also argues that a “divorce modification action can be no bar to the tort action.” The majority of her argument appears to be addressed to the larger concept of res judicata, or, in its narrower sense, claim preclusion. This is not a case of claim preclusion. We recognize that a divorce modification claim would not necessarily bar a subsequent tort action. However, where there is an issue of law or fact common to both actions, the prior decision on that issue is considered conclusive for purposes of the subsequent action.
Therefore, the judgment of the Etowah County Circuit Court was conclusive as to Timmons’s liability on the Central Bank note and precludes further litigation on that issue in this or any other subsequent action.
To the extent that the complaint alleges that Archer and Medders misrepresented that the note was secured by the car and that Central Bank could repossess the car if Timmons failed to make payments, we find no error in the summary judgment. Timmons did not in fact rely on these statements, because she quit making payments. The payments she did make, she was obligated to pay pursuant to the divorce decree. Therefore, she cannot maintain a fraud claim on the basis that she made the payments in reliance upon the alleged misrepresentations. Reliance and damages are elements of a fraud action and are not present here. Ala.Code 1975, § 6-5-100 et seq.
Since the prior judgment established Timmons’s liability on the Central Bank note, there was no genuine issue concerning the falsity of any representations made by any of the defendants. Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala.1980).
The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.