56 So.2d 661

**MEARES v. MEARES.**

4 Div. 666.

Supreme Court of Alabama.

Jan. 24, 1952.

H. K. & J. F. Martin, Dothan, for appellant.

J. N. Mullins, Jr., Dothan, for appellee.

598

GOODWYN, Justice.

This is an appeal from a decree granting a divorce *a vinculo matrimonii* to the wife on the ground that the husband "became addicted after marriage to habitual drunkenness", and also awarding to the wife custody of the parties' two minor children, a boy of eight and a girl of five.

The parties were married in 1942. At that. time, the husband (appellant) was a resident of the State of Florida and the wife (appellee) resided in Houston County, Alabama. The wife then moved to Florida with her husband where they lived together continuously as man and wife, except for short periods of time, until November 20, 1949. On that date she separated from her husband and returned to Houston County, Alabama, to reside, bringing with her the parties' two minor children.

On November 24, 1950, the wife filed her bill for divorce and custody in the Circuit Court of Houston County, Alabama, in Equity. As ground for divorce the bill charges "that the respondent, Vance B. Meares, became addicted, after his marriage to your complainant, to habitual drunkenness, and she charges him with habitual drunkenness." The decree, rendered on July 16, 1951, granted the divorce "for and on account of the aforesaid Vance B. Meares having become addicted, after marriage, to habitual drunkenness."

The evidence was taken orally before the court and by deposition. No good purpose will be served by detailing it here. Suffice it to say that no evidence was offered tending in any way to show that the habit of drunkenness continued until at or near the time of filing the bill for divorce. The testimony on this point ended as of the time of the separation in November, 1949, a year before the bill was filed.

We are dealing here, in so far as the divorce is concerned, with a proceeding wholly dependent upon statutory authority. The jurisdiction of a court of equity to grant a divorce *a vinculo matrimonii* does not exist independent of the statute, and it is essential that jurisdictional facts affirmatively appear from the record. Martin v. Martin, 173 Ala. 106, 111, 55 So. 632; Crimm v. Crimm, 211 Ala. 13, 15, 99 So. 301; Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Anthony v. Anthony, 221 Ala. 221, 224, 128 So. 440; Partlow v. Partlow 246 Ala. 259, 20 So.2d 517; Spencer v. Spencer, 254 Ala. 22, 27, 47 So.2d 252.

The ground for divorce charged is based on subdivision 6 of § 20, Title 34, Code of 1940, which, in pertinent part, is as follows: "For becoming addicted after marriage to habitual drunkenness".

Since the decision in the case of McMahon v. McMahon, 170 Ala. 338, 54 So. 165, this court has been strict in holding not only that the habit of drunkenness must have been acquired after marriage, but must have continued until at or near the time of filing the bill for divorce; also, that an allegation that the respondent "has become addicted to habitual drunkenness" is the equivalent of averring that "he still is or was addicted to the habit when the bill was filed." Armstrong v. Armstrong, 217 Ala. 581, 582, 117 So. 195; Brown v. Brown, 219 Ala. 104, 121 So. 386; Russell v. Russell, 247 Ala. 284, 24 So.2d 124; Mc-

Cary v. McCary, 253 Ala. 468, 470, 45 So.2d 292.

■ The effect is to make such allegation a jurisdictional requirement, which must be supported by proof. Without such proof a court of equity has no authority to grant the divorce. Admittedly, there is no proof in this case that appellant was "addicted to the habit when the bill was filed", and for this reason reversible error was committed in granting the divorce.

■ This court's interpretation of the statute (now subdiv. 6, § 20, Title 34, Code 1940), has, in legal effect, become part and parcel of it as effectually as though therein set out in *haec verba*. The McMahon case, supra, was decided in 1910. Since then the statute, § 3793, Code 1907, has been amended several times (but not affecting that part here under consideration), and has been re-codified twice. Code 1923; Code 1940. In discussing the effect of the codification of a statute which has been judicially construed, this court, in the case of Ex parte Thompson, 249 Ala. 12, 14, 29 So.2d 287, 288, had this to say: "And as so interpreted these statutes were carried into the subsequent codes of 1923 and 1940 without change and this interpretation by legislative adoption has become a part thereof and they now speak in the language of the interpretation. * * *"

This doctrine is stated in the case of Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 231 Ala. 680, 684, 166 So. 604, 607, as follows: "When this court has construed the statute in question, as it is contained in the Code of 1907, and thereafter recodified without change, such construction may not be disregarded or changed except by expression of legislative intent. * * *" For additional cases to the same effect, see 18 Ala. Digest, Statutes, ☞ 225¾.

■ Appellee insists that this case should be an exception to the rule; that her husband, the respondent, was a non-resident, and therefore, she could not file the bill for divorce in Alabama until after she had been a bona fide resident of this state for one year next before the filing of the bill; that she filed her bill in Alabama as soon as she

could do so legally; that it is not equitable for the law to prohibit her from filing the bill for a year and at the same time, in effect, to require that she keep in contact with her husband during the year in order to get evidence of his continuance of the habit of drunkenness. We cannot agree with this contention. To so hold would do violence to the plain mandate of the statute. Appellee was under no legal compulsion to return to Alabama and file her bill for divorce, although it might well have been for the best interest and welfare of herself and her two children that she did return to Alabama. But this voluntary choice which she made certainly should not serve to place her in a more favored position with respect to proof than is required of residents of the State of Alabama.

A further insistence of appellee is, to quote from counsel's brief, "that the appellee and her witnesses after making out a case against the respondent (appellant) of habitual drunkenness existing at the date of the separation in November, 1949, created a presumption that such drunkenness continued up to the date of the filing of the bill in this case and it thereby became incumbent upon the appellant to rebut this presumption, which he has not done."

■ We cannot agree that, as a general proposition, the habit of drunkenness, once established, should carry with it a presumption of the continuance of the habit until the contrary is proved. As stated in 20 Am.Jur., Evidence, §§ 158, 159: "Presumptions must always conform to the commonly accepted experiences of mankind and the inferences which reasonable men would draw from such experiences * * *. A presumption cannot ordinarily be raised from some fact proved unless a rational connection exists between such fact and the ultimate fact presumed."

The rule is stated in Central of Georgia Rwy. Co. v. Teasley, 187 Ala. 610, 616, 617, 65 So. 981, 983, as follows:

"* * * When the existence of a fact is sought to be established by *proving another* fact, *the fact so proven* must be a fact from which the existence of the *fact sought to be proven* can be *naturally* and *rationally* inferred or presumed. * * *

"A *remote, speculative and uncertain* connection between the fact and the one sought to be inferred is insufficient. * *"

See, also, the case of Batson v. Birmingham Trust & Savings Co., 241 Ala. 629, 632, 4 So.2d 307, quoting with approval the Teasley case.

Although we recognize the tendencies of this affliction and the difficulties encountered in overcoming it, we are not prepared to say that the habit, once acquired, necessarily becomes so fixed with the person that its continuance thereafter should, in law, be presumed until the contrary is proved. The nature of this disease and the fact that it can be and often is cured completely are matters of common knowledge. For instance, in this case, mention is made in the testimony of Alcoholics Anonymous. It is generally recognized that, through the helpful work of this group, many confirmed alcoholics have abandoned the use of intoxicants altogether. We also know that the habit has been checked in many cases by the will of the individuals, and in many other instances that therapeutical treatment has contributed to its arrestment.

Since there is an absence of any factual proof of the existence of the habit at the time of filing the bill, we do not decide whether the evidence in this case would be sufficient to satisfy the requirements for proof of habitual drunkenness as a ground for divorce.

Appellant insists that he should have been awarded part time custody of the children, citing in support the cases of Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561, and Wheeler v. Wheeler, 249 Ala. 119, 29 So.2d 881. These cases hold that divided custody is not wrong in principle if the best interests of the child are thereby subserved. There can be no quarrel with such holding, for this Court has long recognized the well established principle that, in determining the custody of a minor child, the paramount consideration is the welfare and best interests of the child.

The question presented is whether the trial court erred in awarding custody of the two children to the mother. As has already been noted, the testimony was taken orally before the trial judge and by deposition. In such circumstances, this Court has followed a consistent policy of not disturbing the trial judge's conclusion on the facts, unless his decree is palpably wrong. Meadows v. Hulsey, 246 Ala. 261, 262, 20 So.2d 526. As stated in the Sneed case, supra [248 Ala. 88, 26 So.2d 562], "The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord to its decrees. And this is so even if the evidence is partly presented by deposition as it was in the present case." The rule is stated in the case of Crump v. Crump, 252 Ala. 164, 40 So.2d 94, 95, as follows: "This conclusion of the trial court, who saw and heard the witnesses and who was better advantaged than we in arriving at a just conclusion on the facts, is likened unto the verdict of a jury and unless opposed to the great weight of the evidence will be sustained on appeal."

We have carefully examined and considered the evidence and the helpful briefs of counsel. We are not willing to say that the decree of the trial judge is erroneous in awarding custody to the mother.

The decree appealed from is reversed to the extent that there was error in granting the divorce, and affirmed with respect to that phase granting to appellee the custody of the minor children. The cause is remanded.

Reversed in part, affirmed in part, and remanded.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.