271 So.2d 514

**Leonard L. JOHNS**

**v.**

**Faye Harrison JOHNS.**

**Civ. 48.**

Court of Civil Appeals of Alabama.

Jan. 3, 1973.

Robert Burdine, Jr., Florence, for appellant.

Higginbotham & Evans, Florence, for appellee.

WRIGHT, Presiding Judge.

Action for divorce was begun below by Faye Harrison Johns, appellee here, against Leonard L. Johns, appellant here. Grounds of cruelty were charged in the complaint. In addition to prayer for divorce, appellee prayed for custody of two minor children, support and a property settlement in accordance with an agreement entered into by the parties. Answer and waiver was filed by appellant but was subsequently and seasonably withdrawn. At the same time, appellant withdrew his agreement to support and division of property. The complaint of appellee was amended to request that the court determine support and a division of property. Issue to the amended complaint was joined by a general answer.

On February 2, 1972, hearing ore tenus was held and specifically limited by the court to the matter of support. The record indicates that the next proceeding was in open court on April 19, 1972. There is nothing in the record to indicate how this hearing came about. We assume therefore, that it was done by agreement of the parties and the court.

The hearing on April 19, 1972, was again ore tenus. There is a lengthy statement by the court prefacing the taking of

testimony. This statement relates to discussion between court and counsel concerning possible settlements of support and property questions. It is clear that efforts of settlement were unsuccessful. The court stated that the purpose of the hearing was to determine the matter of property division since every other issue had either been "agreed" upon or testimony had been previously taken.

After further effort to settle the matter of property division was fruitless, the court heard, testimony relative to the property of the parties. Upon completion of the hearing, decree was entered dated April 19, 1972.

The decree granted a divorce to appellee, Mrs. Johns, for cruelty. Custody of the two children, both of whom are in college, was awarded to appellee. Support was awarded for the children in the sum of $260 per month so long as they continued in college, but for not more than five years. Some $1650 in other lump sums was awarded appellee. The matter of future alimony was reserved. The title to the only property of the parties, consisting of the home and ten acres of land was divested from appellant and vested in appellee for her natural life, "with remainder over of the entire interest and title in said property to the two sons. . . ." Possession of the property was given to appellee for her life or until she chose to move therefrom. Appellee was ordered to assume and pay the mortgage indebtedness on the property, maintain it, pay taxes and other expenses and keep it insured. Various other matters were decreed relative to personal property, including giving to appellee all household furnishings, which are not pertinent to this appeal.

Motion for rehearing was filed by appellant and duly overruled by the court.

The argument of appellant in written brief and on oral argument is directed to charges of error in the decree of the trial court.

The first error charged is that the evidence is insufficient to establish the ground of cruelty. We agree with appellant's charge.

It appears from the record that the court held two hearings for the taking of testimony in support of the complaint. The purpose of each hearing was specifically limited by the court. The first was upon the matter of support. The second was upon the issue of a division of property. We have carefully searched the transcript and find only one instance in the testimony of a direct reference to the ground of cruelty charged in the complaint. During the first hearing relative to the issue of support the following occurred.

"Q State to the Court the circumstances surrounding his leaving at that time?

"A Well, he was very brutal. He assaulted me.

"The Court: Let's just stick to the matter of the property please."

There was no further reference to the instance referred to. It was made clear that the court did not consider such evidence a part of the hearing and no cross examination was made on the point nor opportunity for rebuttal given.

There was a further statement in reference to needed repairs on the house, that appellant had knocked a hole in a wall with his fist and that he had defaced the mantle with a poker, but such occurrences were not related to any acts against the person of appellee. Such isolated and unrelated excerpts of testimony are insufficient of themselves to sustain the burden of proof assumed by the appellee when she made a charge of cruelty in her bill of complaint. Ussery v. Ussery, 259 Ala. 194, 66 So.2d 182; White v. White, 278 Ala. 682, 180 So.2d 277.

Since the hearings held by the court were strictly limited to matters of support and property, and the court stated all other matters had been agreed upon, it appears

that testimony as to the grounds for divorce were not considered necessary. Such procedure would be contrary to the requirements of Title 34 § 26 of the Code even if appellant had not joined issue on the averments of cruelty in the complaint. "The jurisdiction of a court of equity to grant a divorce a vinculo matrimonii does not exist independent of the statute, and it is essential that jurisdictional facts affirmatively appear from the record." Meares v. Meares, 256 Ala. 596, 56 So.2d 661.

The trial court having expressly prohibited testimony as to the grounds for divorce alleged in the complaint and having rendered a decree without testimony to such grounds, said decree of divorce was without statutory authority and thus without the jurisdiction of the court. The decree must be reversed.

Though the decree was not directly attacked in this appeal for failure to offer any proof, it was attacked for insufficiency of proof as to grounds. We could reverse on the error assigned, but consider that we must recognize ex mero motu the absence of jurisdictional authority.

■ The second aspect of the error charged to the decree relates to the awarding of the home and real property to the wife and two sons.

It is the contention of appellant that the divesting of all title to the property from him is inequitable and unfair and an abuse of discretion.

The decree in this case expressly reserved the rights to consider alimony in the future should events justify an award of alimony. It is thus clear that the divesting of title to the property from appellant was not an award of alimony in gross but was rather intended as a property settlement. "Alimony has as its sole object the support of the wife, and is not to be considered a property settlement upon a dissolution of the marriage." Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808.

In either case, this Court having determined that there was no authority in the court to grant a divorce, there can be no award of alimony nor a property settlement due to dissolution of the marriage. Mason v. Mason, 276 Ala. 265, 160 So.2d 881.

Any discussion by this Court of the question of abuse of discretion of the trial court in divesting title to the home from appellant would be of no benefit under the circumstances. However, in an effort to avoid possible appeal in event of a similar decree upon a new trial, we make some observations considered pertinent.

It would appear that consideration should be given by the trial court to whether or not divesting title from appellant into the two sons with only a life estate in the appellee, would amount in fact, to awarding property of the father to the sons. The sons are almost of legal age and not entitled to support from the father after reaching that age. They would have no right to the property of the father except for use as a home during minority or to proceeds from a sale for purposes of support. We are unaware of any power of a court in a divorce decree to take property from a husband and father and vest the title in his children when the purpose of such award is other than support, or unless such provisions are incorporated in the decree as a result of an agreement made between the husband and wife.

Reversed and remanded.