280 So.2d 159

James H. HELMS

v.

Marye F. HELMS.

Civ. 31.

Court of Civil Appeals of Alabama.

June 27, 1973.

Kenneth R. Cain, Ozark, for appellant.

Charles A. Coffin, Robert H. Brogden, Ozark, for appellee.

HOLMES, Judge.

Suit for divorce was filed by appellee-wife, Marye F. Helms, in the Inferior Court of Dale County, in Equity.

Appellee sued for divorce on the statutory ground of incompatibility of temperament. As a part of the bill of complaint it was alleged that the parties owned a 1969 Chrysler automobile, and certain other personal property, mainly household goods. It is further alleged in the bill of complaint that the parties had previously owned three lots and a house in Dale County, that appellee-wife had sold her interest in said property to appellant, and appellant still owes appellee for this sale.

Appellee prayed that the court grant her a divorce; make a property division by awarding her the 1969 Chrysler; that the court divest the appellant of his interest in the aforementioned real property or, in the alternative, require appellant-husband to pay to appellee the balance owed on said property; and award appellee certain personal property.

To the complaint the appellant-husband filed an answer admitting certain aspects of the bill (the jurisdictional averments); admitting that there existed incompatibility of temperament but denied he was the "cause" of the incompatibility; denying the joint ownership of the 1969 Chrysler automobile and averred he was the sole owner; denying he owed appellee anything on the real property as appellee had forgiven this debt; and alleging that appellee had a separate estate of considerable value.

After a hearing *ore tenus* a final decree was rendered granting a divorce for and on "account" of the grounds as alleged in the bill of complaint; awarding the 1969 Chrysler automobile to appellee; decreeing that appellant owed appellee the sum of $2,000 on the note and mortgage executed by appellant to appellee on the aforementioned real property; and further, making distribution of certain personal property.

As we understand appellant's assignments of error argued, their thrust is that the trial court erred when it failed to make any "findings" as to ownership of the assets of the parties.

The pertinent tendencies of the evidence reveal that the parties married in 1967 and no children were born of the marriage; that the parties had separated on one occasion and during this period appellee sold to appellant the real property heretofore mentioned; that appellant executed a note and mortgage in favor of the appellee on said property. The evidence further reveals that there was a conflict as to whether this note and mortgage were forgiven when the parties were reconciled for a period of time after the sale. There was further conflict as to the ownership of the 1969 Chrysler automobile. Further tendencies of the evidence revealed that appellee had been married previously and had acquired certain real and personal property in her own name, i. e., her separate estate.

As in all cases, this court has carefully searched the transcript in this instance and we can find no testimony, nor even an attempt to bring out such testimony, as to the ground for divorce, to wit, incompatibility of temperament, as charged in the complaint.

We are fully cognizant of the fact that this has not been assigned as error although there is an assignment of error that the decree of the court is contrary to the facts of the case. However, even if this assignment of error is sufficient, it is not argued.

 As our Presiding Judge Wright stated in Johns v. Johns, 49 Ala.App. 317, 271 So.2d 514, 516, " . . . we must recognize ex mero motu the absence of jurisdictional authority." It is apparent that the parties agreed upon the grounds, but such procedure is contrary to the requirements of Tit. 34, § 26, Code of Alabama 1940.

As the Alabama Supreme Court stated in Meares v. Meares, 256 Ala. 596, 598, 56 So.2d 661, 662:

"The jurisdiction of a court of equity to grant a divorce *a vinculo matrimonii* does not exist independent of the statute, and it is essential that jurisdictional facts affirmatively appear from the record. . . ."

 While we are reluctant to reverse this case for the above reason, since no party is apparently so complaining, we have no alternative. We can understand the actions of all parties concerned as this court realizes that the parties were vigorously contesting who should get what property. However, the fact remains we cannot supply jurisdictional requirements.

 We feel compelled to mention again our search of the record to find any testimony to support the granting of a divorce and we can find none. We note on page 56 of the record one incident wherein there is indication of incompatibility of temperament, but this is not sufficient in the context in which it was elicited nor does it in any manner meet the requirements of proof of incompatibility of temperament as suggested by this court in Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71. Such testimony in this instance, at best, appears to be one incident of disagreement.

Therefore, this court having determined there was no authority in the trial court to grant a divorce, there can be no property settlement due to the dissolution of the marriage. See Johns v. Johns, *supra*; Mason v. Mason, 276 Ala. 265, 160 So.2d 881.

In an effort to avoid possible appeal in event of a similar decree upon a new trial, we make some observations which we consider pertinent.

Appellant cites to us two cases: Singer v. Singer, 165 Ala. 144, 51 So. 755; and Hardin v. Hardin, 277 Ala. 318, 169 So.2d 762, for the proposition that the trial court must make a specific adjudication as to what property belongs to each party before making a division of said property.

We do not so understand the cases cited. In any event, in this instance, under the pleadings there was ample evidence before the court to make the division and decree it rendered.

 A division of an estate in a divorce proceeding is an adjustment of property rights and equities between the parties as shall seem just by the trial court. Such a division does not require an equal division of the estate, but one graduated according to the nature of the case. See Lovett v. Lovett, 11 Ala. 763; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; 27B C.J.S. Divorce § 291(1); 8 Ala.Dig. Divorce ☞ 251.

 It is further the law of this state that on appeal we view a decree rendered after hearing *ore tenus* as if it were a jury verdict, and will reverse such decree only if, after *considering all the evidence*, we conclude that it is clearly and palpably wrong. Body v. Body, 47 Ala.App. 443,

256 So.2d 184; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; Powell v. Powell, 285 Ala. 230, 231 So.2d 103.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.