313 So.2d 540

**James Preston WRIGHT**

v.

**Jessie Norma WRIGHT.**

**Civ. 498.**

Court of Civil Appeals of Alabama.

May 21, 1975.

Kenneth R. Cain, Ozark, for appellant.

Steagall & Adams, Ozark, for appellee.

**WRIGHT, Presiding Judge.**

This is an appeal from a decree of divorce entered by the judge of the Inferior Court of Dale County, Alabama.

Plaintiff filed suit for divorce on ground of incompatibility. Defendant filed an answer denying the allegation of incompatibility. The case was set for oral hearing. However, on call of the case, it was submitted on what is styled "stipulation of facts—undisputed and disputed." Among the undisputed facts was the stipulation that "a complete incompatibility of temperament exists between the parties." The stipulation was not signed by either party. The decree recites that the case was submitted without testimony on the pleadings and the stipulation of facts by agreement of the parties and their attorneys. The decree granted a divorce on the ground of incompatibility and effected a division of property. Defendant appeals.

Defendant assigns as error and argues in brief that the judgment is not supported by

**114**

the evidence. Plaintiff-appellee contends in brief that an appeal from the Inferior Court of Dale County must be brought by bill of exceptions and not by transcript of the evidence under provisions of Title 7, § 827(1).

■■ We do not need to discuss in this case whether appeals from the Inferior Court of Dale County come by bill of exceptions. There being no evidence presented in the court below, there is nothing to be brought up by either a transcript of the evidence or by bill of exceptions. This appeal is founded upon matters shown by the transcript of the record. The decree and the record proper speak for themselves in this case. A bill of exceptions is unnecessary when the matter which is for review appears from the record proper. Singer Sewing Machine Co. v. Henderson, 1 Ala.App. 483, 56 So. 108; Gladden v. Columbiana Sav. Bank, 235 Ala. 541, 180 So. 548.

■ Title 34, Section 26 of the Code of Alabama (1940) prohibits the securing of a divorce upon the confession of the parties. The establishment of grounds for a divorce by testimony or evidence other than by agreement is jurisdictional to the granting of the divorce and cannot be waived by the parties. Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Johns v. Johns, 49 Ala.App. 317, 271 So.2d 514; Helms v. Helms, 50 Ala.App. 453, 280 So.2d 159.

■ The fact having been brought to our attention by the wording of the decree itself, we would recognize ex mero motu the absence of jurisdictional authority of the trial court to grant the divorce. The contention of appellee that defendant's assignment of error is formally insufficient is of no consequence as we must set aside the decree for absence of statutory jurisdiction in the court to render the same. Johns v. Johns, *supra*.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.