This is a divorce case.
The appeal is from a judgment divorcing the parties on the grounds of cruelty of the husband and incompatibility, and a property division. We affirm.
The parties to this proceeding are in their sixties and were married for about three years. Their principal income during coverture was from small social security checks and a farming operation. The wife participated in the farming operation along with the husband, as well as being a housekeeper.
The evidence shows that the wife brought to the marriage $10,000 in cash and certain items of household furnishings. The husband stated that he had about $13,000 in cash at the time of the marriage, several acres of farmland, a dwelling, a rental house, several vehicles and certain items of farm machinery.
The husband testified that the farming operation during the marriage years was a losing proposition and that he had about $240 in cash at the time of trial. The wife testified that the husband kept, in addition to their joint bank account, large sums of cash on his person and in the parties' house. She further stated that the husband bought *Page 919 
her a 1976 Ford LTD automobile in lieu of a ring.
The testimony shows the precipitating event that led to the separation of the parties and the ultimate dissolution of the marriage to be an incident that occurred in their house in July 1978 when the husband came home one afternoon and consumed intoxicating beverages, became involved in an argument with the wife, aimed a shotgun at her, and told her to "sit your god damn ass down in that god damn chair." She left the house, went next door, called the police, and has not returned to the marital home since that date.
To begin, we would say that where a court in a divorce case hears evidence ore tenus, its judgment will be presumed correct and will not be overturned except for palpable abuse of discretion. Helms v. Helms, 50 Ala. App. 453, 280 So.2d 159
(1973).
Two issues raised by the husband on appeal are (1) whether the trial court abused its discretion regarding division of property; and (2) whether there were sufficient grounds for divorce on cruelty and incompatibility.
As to the issue concerning the division of the parties' property, we said in Helms v. Helms, supra:
 A division of an estate in a divorce proceeding is an adjustment of property rights and equities between the parties as shall seem just by the trial court. Such a division does not require an equal division of the estate, but one graduated according to the nature of the case.
As related above, the parties both are in their sixties, both brought certain real and personal property to the marriage, both worked together during their marriage to acquire and accumulate other assets. The trial court, in effect, gave to the parties approximately what they brought into the marriage, and we find this to be an equitable division of the parties' property.
Without additional recital of the evidence adduced in the case at bar, we are convinced there is sufficient evidence to support the charge of cruelty and incompatibility. Although there was no specific allegation of cruelty in the complaint for divorce, the trial court had the authority under ARCP 15 (b) to grant the divorce upon unrequested grounds so long as there is sufficient support in the evidence for the decree.Cf.; Awad v. Awad, 54 Ala. App. 154, 306 So.2d 21 (1975) (granted additional unrequested relief of child support, alimony, division of property and attorney fees).
Rule 15 (b) states in part:
 When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.
Additionally, the Comments to Rule 15 (b) say in part:
 [W]here evidence is introduced or an issue raised with the express consent of the other party, or without objection from him, the pleadings "shall" be deemed amended to conform to such evidence.
The trial court's decree is without error, and we affirm it.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 920