HOLMES, Judge.
This is a divorce case.
The wife appeals contending the trial court abused its discretion in the division of property. We find no abuse of discretion requiring reversal.
This court does not deem it necessary nor prudent to set out in detail the facts of this appeal. Suffice it to say that the parties are approximately sixty years of age. They were married prior to the final separation for less than three years. Both parties worked prior to the divorce. The husband during the marriage started his own plumbing business. The wife assisted in the new business. Both parties owned homes prior to their marriage. After the marriage the husband sold his home and the parties built a lake home. This lake home was in large measure built from the proceeds of the sale of the husband’s home.
After an ore ten us hearing the trial court in effect placed the parties in the same position they enjoyed prior to their short marriage. Pertinently, the effect of the trial court’s order awarded the wife’s home to her and awarded the lake home to the husband. The husband was required to pay the wife $1,000 for her interest in the lake home. Additionally, the husband was awarded his tools and a “cuckoo” clock. The husband was further required to remove this property from the wife’s home.
As indicated above, the trial court obviously attempted to give to the parties approximately what they brought into the marriage. This court in Lassitter v. Lassitter, Ala.Civ.App., 371 So.2d 918 (1979), in a case similar to the instant appeal, found the trial court not to have abused its discretion in attempting to place the parties in the same position after a short marriage that they enjoyed prior to the marriage. Judge Bradley, in Lassitter, supra, speaking for a unanimous court, stated the following:
As to the issue concerning the division of the parties’ property, we said in Helms *MCLXXXII v. Helms, [50 Ala.App. 453, 280 So.2d 159 (1973)]:
A division of an estate in a divorce proceeding is an adjustment of property rights and equities between the parties as shall seem just by the trial court. Such a division does not require an equal division of the estate, but one graduated according to the nature of the case.
As related above, the parties both are in their sixties, both brought certain real and personal property to the marriage, both worked together during their marriage to acquire and accumulate other assets. The trial court, in effect, gave to the parties approximately what they brought into the marriage, and we find this to be an equitable division of the parties’ property. 371 So.2d at 919.
See also, 8 Ala.Digest Divorce 184(4), 184(5).
In the instant appeal, as in Lassitter, supra, we find no such abuse of discretion as to require reversal.
The wife has requested an attorney’s fee for representation on appeal. In view of the above, the request is denied.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.