This is an appeal by husband from the provisions of three separate aspects of divorce litigation: (1) the decree dissolving the marriage, reserving certain matters for future determination, (2) supplemental decree awarding child support, alimony, and making property division, (3) adjudication of arrearage and contempt under the alimony provisions.
Appellant presents two dispositive issues on appeal: (1) whether the divorce decree was void as having been granted without evidence to support grounds for divorce (2) whether alimony requirements of supplemental decree were terminated upon remarriage of wife-appellee under section 30-2-55, Code 1975.
After the trial court was unable to reach this divorce case on the trial docket of December 21, 1987, the parties apparently reached an agreement, resulting in the entry of a final decree of divorce on December 23, 1987. The court reserved jurisdiction to enter further orders concerning custody, support, alimony, and property division. Pursuant to the jurisdiction reserved in the divorce decree, the court, by agreement of parties, entered a supplemental decree on May 23, 1988 which included an alimony provision which we will later discuss. After appellant's motion for new trial was overruled on September 8, 1988, he filed notice of appeal on October 12, 1988.
In the interim, both parties had remarried; appellant on March 4, 1988 and appellee on May 14, 1988.
Appellant argues that the December 23, 1987 decree divorcing the parties was void in the absence of actual evidence supporting *Page 80 
grounds for divorce. In support of this position he cites the following cases: Wright v. Wright, 55 Ala. App. 112,313 So.2d 540 (1975); Helms v. Helms, 50 Ala. App. 453, 280 So.2d 159
(1973); and Johns v. Johns, 49 Ala. App. 317, 271 So.2d 514
(1973). However, in each of the cases cited supra, notice of appeal was timely filed. In the case at bar over nine months had expired between the divorce decree and notice of appeal. The decree of divorce by its very terms granted forty-two days within which to appeal and was a final judgment, requiring notice of appeal to be filed in accordance with Rule 4(a)(1), Alabama Rules of Appellate Procedure. Timely notice of appeal under the rule is jurisdictional. Hayden v. Harris,437 So.2d 1283 (Ala. 1983).
We also note that in hearings subsequent to the December 23, 1987 divorce decree, the evidence was more than adequate to establish grounds for divorce under Alabama law.
Moreover, in the proceedings following the decree of divorce, appellant repeatedly assumed the position that the divorce was valid and is now estopped from assuming a position inconsistent with the first position to the prejudice of the appellee, who has since remarried in reliance on the validity of the divorce.
The law is settled in Alabama that a party who has, with knowledge of facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent with the first one to the prejudice of an adverse party.Russell v. Russell, 404 So.2d 662 (Ala. 1981); Brown v. Terry,375 So.2d 457 (Ala. 1979).
For the foregoing reasons, we hold that the decree divorcing the parties is a valid judgment.
Appellant next contends that his alimony obligation terminated upon the remarriage of appellee under section30-2-55, Code 1975, which states:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex."
This section applies only to awards of periodic alimony, not alimony in gross. Hartsfield v. Hartsfield, 384 So.2d 1097
(Ala.Civ.App.), cert. denied, 384 So.2d 1100 (Ala. 1980);Higginbotham v. Higginbotham, 367 So.2d 972
(Ala.Civ.App. 1979).
The alimony award in question was embraced in a supplemental decree entered on May 23, 1988, which referred only to an agreement dictated into the record in open court on January 26, 1988, and attached to the supplemental decree as an exhibit. There is no language in the supplemental decree itself characterizing the alimony award or setting out its terms.
The record of the January 26, 1988 proceeding reveals in pertinent part as follows:
 "[APPELLANT'S ATTORNEY]: . . . In February he [appellant] would begin payments of $800 per month as alimony which would exist for 12 months and then he would no longer be obligated to pay any alimony payments.
 "[ATTORNEY FOR APPELLEE]: Your Honor this would be a payment for 12 months. It ceases at the end of 12 months. It would be paid for 12 months regardless of any other circumstances."
After further discussion both on and off the record, the following open-court exchange takes place:
 "[APPELLANT'S ATTORNEY]: We'll agree to that, Your Honor.
"THE COURT: What is that?
 "[APPELLANT'S ATTORNEY]: Be 12 months' alimony, $800 per month and we certainly want it written where we would enjoy the benefits of a deduction.
 "THE COURT: I can't tell you what the IRS is going to do.
 "[APPELLANT'S ATTORNEY]: We understand that. We understand what you're talking about, about his going to pay for 12 months regardless of what the circumstances. The language is going to *Page 81 
simply call it alimony and it's going to be cut off after 12 months. There's nothing in there about remarriage or death and that way Billy [apparently a reference to appellee's attorney at trial] can get what he wants to accomplish."
After entry of the supplemental decree, husband filed motion for new trial under which oral testimony was offered on July 8, 1988. The testimony was somewhat in conflict and largely centered around the January 26, 1988 agreement on which the supplemental decree was based. The court upheld the validity of the agreement and overruled appellant's motion for new trial.
Appellee then filed her petition seeking adjudication of contempt and judgment for alimony arrearage. By counterclaim, husband requested termination of alimony under section 30-2-55, Code 1975. After these matters were by agreement submitted to the court on oral argument, without testimony, the court entered an order finding appellant in contempt for failure to pay the "alimony in gross" and entered judgment against him for $4,800.
The court obviously construed the agreement of the parties and the decree adopting the agreement as providing for payment of alimony in gross, not subject to modification.
Judgments and decrees are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties.Price v. Price, 360 So.2d 340 (Ala.Civ.App. 1978); Reeder v.Reeder, 356 So.2d 202 (Ala.Civ.App. 1978). Such intent can be derived from the provisions of the agreement. Horsley v.Horsley, 390 So.2d 1058 (Ala.Civ.App. 1980); Reeder v. Reeder,supra.
Also where a judgment or decree is so obscure that it fails to express the exact determination of the court, reference may be had to the pleadings, other proceedings to which it refers, and the entire record to ascertain the true meaning. Brown v.Brown, 276 Ala. 153, 159 So.2d 855 (1964); Horsley v. Horsley,supra.
From the record it would not be unreasonable to conclude, as the trial court obviously did, that the parties intended the alimony to be in gross and therefore not subject to modification by remarriage or otherwise. Consequently, the adjudication of arrearage and judgment of $4,800 in appellee's favor was proper.
The trial court is in all respects affirmed.
Appellee's request for attorney's fee is hereby granted in the amount of $750.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.