THIGPEN, Judge.
This is a divorce case.
The parties to this appeal were divorced by order of the trial court in July 1991, following the taking of testimony in May. After the divorce, the husband filed various post-trial motions, including a motion for a new trial, followed by the wife’s post-trial petition to modify and a motion for a new trial. After an extensive hearing, the trial court modified the custody of the parties’ teenage son and deleted the child support *383 provision, but otherwise reaffirmed the pri- or judgment; hence, this appeal.
On appeal, the husband raises a jurisdictional issue, i.e., whether there was sufficient legal evidence of incompatibility of temperament presented at the hearing in May to invoke subject matter jurisdiction necessary to empower the trial court to enter a divorce. We note that this issue was not raised before the trial court at any time and now is raised for the first time on appeal.
The record on appeal revealed the following testimony from the wife concerning the grounds for divorce:
“Q: Your marriage has now reached a state of incompatibility of temperament that it is no longer possible for y’all to live together as husband and wife?
“A: That’s right.”
The remainder of the short testimony concerned the agreed division of property, and custody and support of the parties’ remaining minor child. As mentioned earlier, timely post-judgment motions and petitions were filed, concerned mainly with the issues of property division, custody, and child support. All post-judgment motions were consolidated, and an extensive hearing was held in January 1992. Both parties had since remarried.
As both parties aptly point out, the jurisdiction of the trial court to grant a divorce a vinculo matrimonii is dependent upon statutory authority, “and it is essential that jurisdictional facts affirmatively appear from the record.” Helms v. Helms, 50 Ala.App. 453, 455, 280 So.2d 159, 161 (Ala.Civ.App.1973), (quoting Meares v. Meares, 256 Ala. 596, 598, 56 So.2d 661, 662 (1952)).
We note, however, that in the hearing subsequent to the divorce judgment, the evidence was more than adequate to establish grounds for divorce under Alabama law. Prescott v. Prescott, 545 So.2d 79 (Ala.Civ.App.1989). Moreover, we also note that in proceedings following the divorce, the husband repeatedly assumed the position that the divorce was valid. Accordingly, he now is estopped from assuming a position inconsistent with the first position to the prejudice of the wife, who has since remarried in reliance on the validity of the divorce.
The law is settled in Alabama that a party who has, with knowledge of facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent with the first one to the prejudice of an adverse party. Prescott, supra; Russell v. Russell, 404 So.2d 662 (Ala.1981); Brown v. Terry, 375 So.2d 457 (Ala.1979).
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed in all aspects.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.