ROBERTSON, Presiding Judge.
In October 1991, the wife filed a complaint for declaratory judgment to void a divorce decree. The complaint alleged that a decree of divorce was entered on December 1, 1980; that the divorce was based upon deposition testimony and a separation agreement more than two years old; that the husband was never a domiciliary of the State of Alabama prior to his return from Germany in May 1980; that the choice of law clause in the separation agreement called for the application of Nebraska law; that the Circuit Court of Coffee County, Alabama, lacked jurisdiction to grant a divorce in this case; and that the husband had committed a fraud upon the trial court in that he knew or should have known that he had not been a resident citizen of the State of Alabama for more than six months prior to the filing of his divorce petition. The wife requested that the trial court declare the divorce void for lack of jurisdiction. The husband’s answer denied each allegation and further raised the defense of estoppel. Specifically, he claimed that both parties had remarried, and that the wife was attempting to invalidate a divorce from which she had benefited.
Following an ore tenus proceeding, the trial court found that:
“1). The parties entered into a ‘separation agreement’ on the 21st day of June 1978, in contemplation of a divorce and with the parties thereafter separating.
“2). [The husband] moved to Alabama for military reasons and intended to make Alabama his home/domicile/residence. He physically lived in Alabama for eight months.
“8). [The husband] filed ... a ‘complaint’ contending Alabama had jurisdiction, seeking a divorce, and had [the wife] served with process by registered mail at her last known address in West Germany.
“4). More than 30 days after service, [the husband] filed an ‘Application For Entry Of Default' with default being entered ... [on] September 15, 1980.
“5). Testimony was taken before ... [the] clerk of the court on November 25, 1980, with [the husband] testifying [that] ‘[t]he [wife] and I are over the age of 19 years, and I am a resident citizen of the State of Alabama and have been for more than six months preceding the filing of this petition for divorce.’
“6). The parties were divorced by order of this court on the first day of December 1980, with the ‘separation agreement’ of the parties incorporated therein.
“7). On the 15th day of May 1981, [the wife] in correspondence addressed to the clerk of this court stated, ‘[t]o get married again, I need very urgently] a certification [from] the circuit court that the decree is in all things final, non-appeal-able, and non-contestable. Please be so kind and send it to me immediately.’ In said letter, she listed her address as West Germany. Her letter signifies [her] own knowledge of the divorce. She could have filed a ‘Motion For Relief From Judgment’ but did not. Instead, she relied upon the decree of divorce and remarried. It is difficult for this court to conceive that [the wife] may rely on a *687 divorce judgment in 1981 and then contest it some eleven years later for lack of jurisdiction.
“8). In reliance upon the 1980 divorce of the parties, [the wife] has remarried and divorced. [The husband] has also remarried and retired from the United States military.
“9). [The wife] should be estopped from contending twelve years after the entry of the divorce decree that the decree should be set aside in that [the husband] had not been a resident of Alabama for six months preceding the filing of the divorce petition when, even by her own correspondence to the clerk of the court, she admitted knowledge of the divorce decree and its terms in June 1981.”
The trial court, based upon these findings, ordered that “[the wife] by her own conduct is equitably estopped, twelve years after discovery of the facts, from contending [that] the 1980 decree of divorce rendered by this court between the parties is void for fraud and for lack of jurisdiction,” and ordered “that the December 1, 1980, divorce decree which incorporated the ‘separation agreement’ of the parties shall remain in full force and effect.”
The wife filed a motion to reconsider, which was denied. The wife appeals.
The dispositive issue before this court is whether the trial court erred in holding that the wife is equitably estopped from contending that the 1980 divorce decree is void for fraud or lack of jurisdiction.
It is well settled in Alabama that “a party who has, with knowledge of facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent with the first one to the prejudice of an adverse party.” Prescott v. Prescott, 545 So.2d 79, 80 (Ala.Civ.App.1989). See also Levine v. Levine, 262 Ala. 491, 80 So.2d 235 (1955), and Reiss v. Reiss, 46 Ala.App. 422, 243 So.2d 507 (Ala.Civ.App.1970). It is clear from the wife’s 1981 letter, which is a part of the record and from which the trial court quoted as set out above, that the wife had knowledge of the 1980 divorce proceeding; that she assumed a particular position of wanting a certification from the circuit court that the decree was final, non-appealable, and non-contestable so that she could get married again; and that her present position is inconsistent with her 1981 position and prejudicial to the husband because he has remarried.
We hold that the trial court did not err in its judgment that the wife was equitably estopped from contending that the 1980 decree of divorce was void for fraud and for lack of jurisdiction. Consequently, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.