On Application for Rehearing

PER CURIAM.
This court’s opinion of March 22, 2013, is withdrawn, and the following is substituted therefor.
Stuart C. Dubose (“the husband”) appeals from a judgment divorcing him from Allison T. Dubose (“the wife”). Among other things, the judgment also divided the parties’ marital property and ordered the husband to pay child support. The judgment in this case comprises three documents: an August 4, 2009, order divorcing *18 the parties; a March 5, 2010, order dividing the marital property; and an August 17, 2012, order determining the husband’s child-support obligation.[1]
In this appeal, the husband contends that the August 4, 2009, order divorcing the parties violated Alabama law because it was based only on the stipulation of the parties, “without any proof of the grounds for the divorce ever being presented or considered” by the trial court. Specifically, the husband says, the August 4, 2009, order violated § 80-2-3, Ala.Code 1975, which “forbid[s] divorce by consent.” Penny A. Davis & Robert Earl McCurley, Jr., Alabama Divorce, Alimony & Child Custody Hornbook § 9-8 at 116 (4th ed.2005).
The record indicates the following information relevant to a disposition of this issue. On March 25, 2008, the wife filed a complaint for a divorce. As grounds for the divorce, the wife alleged incompatibility of temperament that was irremediable and irreconcilable and that there had been an irretrievable breakdown of the marriage. During the pendency of the action, the trial court awarded the wife possession of the marital residence, custody of the children, pendente lite alimony and child support, and an attorney fee. The wife was also awarded a temporary restraining order against the husband. The husband is a former circuit judge from Clarke County, and a number of circuit judges recused themselves from this matter. A Perry County district judge was appointed to preside over this case. A special master also was appointed to inventory and value the property in the marital estate. Discovery was propounded, but, as the trial court noted in an order dated July 9, 2009, discovery issues “plagued this case from the get go and continue to this date.” In the July 9, 2009, order, which the trial court stated was entered after a telephone conference between the trial court and the parties’ attorneys, the trial court ordered, among other things, that the wife and the husband “stipulate to the divorce leaving all other relative matters for trial.” One week later, on July 16, 2009, the trial court entered an order stating:
“The Court finds that for clarity of the record in the case and based upon the stipulation of the parties to being divorced through their respective legal counsel, said counsel for both parties shall file a stipulation to divorce within fourteen (14) days of this order.”
On July 18, 2009, the wife filed a stipulation to divorce in which she stated that she did “hereby completely and totally stipulate to the court granting a divorce in the above action. I am filing this statement pursuant to the court’s July 16, 2009, court order.” The stipulation did not state grounds for a divorce. Likewise, on July 24, 2009, the husband’s attorney filed a stipulation to divorce, stating that he had had a telephone consultation with the husband and that the husband had agreed to a stipulation to divorce.[2] The stipulation stated that “the Court may enter a divorce while reserving jurisdiction to try the property and support issues.” Like the wife’s stipulation, the husband’s stipulation did not state grounds for a divorce.
*19 On August 4, 2009, the trial court entered an order divorcing the parties. In the order, the trial court stated that “[t]his cause, coming on to be heard upon the pleadings and the stipulation of [the wife] and [the husband], this cause was submitted for final judgment.” The trial court then went on to divorce the parties on the ground of incompatibility of temperament. The order also provided that the trial court was retaining jurisdiction as to all other matters at issue and that it intended
“to allow evidence at trial, if this matter is not decided by default prior to then, as to child custody, child support, permanent alimony, attorneys fees, and other matters as stated in the [wife’s] complaint and the assets of the parties. This court shall not hear evidence as to the grounds for divorce as this is being decreed herein except as that evidence which may be relevant to any remaining issues.”
As mentioned, the husband relies on § 30-2-3 as the basis for his assertion that the trial court could not properly enter a divorce judgment only on the parties’ stipulations. That statute provides:
“No judgment can be entered on the confession of the parties, or either of them, or if it appear that adultery was committed by either, with the consent of the other, for the purpose of obtaining a divorce, or where both parties have committed adultery, or where there has been a condonation of adultery by the admission of the offending party to conjugal embraces after knowledge of the commission of the crime, or when the husband knew of or connived at the adultery of the wife.”
The prohibition of consensual divorces survived the legislature’s enactment of “no-fault” divorces in 1971, when new statutory grounds for granting a divorce were added to the existing grounds. See § 30-2-1, Ala.Code 1975. The new, “no-fault” grounds authorized a circuit court
“to divorce persons from the bonds of matrimony, upon a complaint filed by one of the parties ....:
“(7) Upon application of either the husband or wife, when the court is satisfied from all the testimony in the case that there exists such a complete incompatibility of temperament that the parties can no longer live together[; or]
“(9) Upon application of either party, when the court finds there has been an irretrievable breakdown of the marriage and that further attempts at reconciliation are impractical or futile and not in the best interests of the parties or family.”
§ 30-2-1 (a)(7) and (9).
In Phillips v. Phillips, 49 Ala.App. 514, 520-21, 274 So.2d 71, 77 (Civ.1973), this court discussed the effect of “no-fault” divorces on the prohibition of consensual divorces, stating:
“[T]he statutory ground of incompatibility does not permit the court to dissolve a marriage merely because its termination is desired by one or both parties, or that, conversely, when incompatibility of temperament is shown, a divorce may not be denied solely because the defending spouse voices opposition to its granting.
“A contrary holding would make incompatibility dependent in its application upon an agreement or a stipulation between the parties, and thus furnish a vehicle for a consensual divorce which the statute did not intend to sanction and which would be contrary to Tit. 34, § 26, Code of Alabama 1940 [a predecessor statute to § 30-2-3]. The condition or state of affairs constituting incompati *20 bility must exist as a fact and proof thereof must be submitted by the proponent.”
As Professors Davis and McCurley noted in their treatise on divorce, “[t]he statutory ground for divorce of incompatibility does not sanction consensual divorce, since this would be contrary to the intent of the Alabama statute forbidding divorce by consent.” Alabama Divorce, Alimony & Child Custody Hornbook § 9-8 at 116, citing § 30-2-3 and Phillips, supra.
In Wright v. Wright, 55 Ala.App. 112, 313 So.2d 540 (Civ.1975), the plaintiff sought a divorce on the ground of incompatibility. The case was submitted to the trial court on a stipulation of facts, including the stipulation that “ ‘a complete incompatibility of temperament exists between the parties.’ ” 55 Ala.App. at 113, 313 So.2d at 541. The judgment, which granted a divorce on the ground of incompatibility, stated “that the case was submitted without testimony on the pleadings and the stipulation of facts by agreement of the parties and their attorneys.” Id.
This court reversed the trial court’s judgment, explaining:
“Title 34, Section 26 of the Code of Alabama (1940) [a predecessor statute to § 30-2-3] prohibits the securing of a divorce upon the confession of the parties. The establishment of grounds for a divorce by testimony or evidence other than by agreement is jurisdictional to the granting of the divorce and cannot be waived by the parties. Meares v. Meares, 256 Ala. 596, 56 So.2d 661 [(1952)]; Johns v. Johns, 49 Ala.App. 317, 271 So.2d 514 [(Civ.1973)]; Helms v. Helms, 50 Ala.App. 453, 280 So.2d 159 [(Civ.1973)].”
Wright, 55 Ala.App. at 114, 313 So.2d at 541-42.
This court reached a similar conclusion in Johns v. Johns, 49 Ala.App. 317, 271 So.2d 514 (Civ.1973). In that case, as in the case at bar, the evidentiary hearings before the court were limited to matters of support and the division of property. There was no testimony regarding grounds for the divorce, because, according to the trial court, that issue had been agreed upon. In reversing the judgment, this court held:
“Such procedure would be contrary to the requirements of Title 34[,] § 26 of the Code [a predecessor statute to § 30-2-3] even if appellant had not joined issue on the averments of cruelty in the complaint. ‘The jurisdiction of a court of equity to grant a divorce a vinculo matrimonii does not exist independent of the statute, and it is essential that jurisdictional facts affirmatively appear from the record.’ Meares v. Meares, 256 Ala. 596, 56 So.2d 661 [(1952)].
“The trial court having expressly prohibited testimony as to the grounds for divorce alleged in the complaint and having rendered a decree without testimony to such grounds, said decree of divorce was without statutory authority and thus without the jurisdiction of the court. The decree must be reversed.”
Johns, 49 Ala.App. at 320, 271 So.2d at 515-16. See also Helms v. Helms, 50 Ala.App. 453, 455, 280 So.2d 159, 161 (Civ.1973) (same).
“The only requirement for obtaining a divorce on the ground of incompatibility is proof of incompatibility.” Davis & McCurley, Alabama Divorce, Alimony & Child Custody Hornbook § 7-2 at 70. In this case, there is no indication in the record that, when the trial court entered the August 4, 2009, order divorcing the parties, it had heard any evidence regarding grounds for the divorce. Instead, the order was based solely on the parties’ stip *21 ulations. We note that the stipulations made to the trial court in Wright, supra, included a stipulation of fact that “ ‘a complete incompatibility of temperament exists between the parties.’ ” Id., 55 Ala.App. at 113, 313 So.2d at 541. Nonetheless, the stipulations were not adequate to overcome the prohibition of consensual divorce found in § 30-2-3. In this case, the parties’ stipulations stated only that the trial court could divorce the parties; they included no stipulation of fact as to grounds for a divorce and, in fact, contrary to allegations in the wife’s complaint, did not even state that the parties were incompatible or that there had been an irretrievable breakdown of the marriage.
Based on the record before us and the authorities cited, we have no choice but to conclude that the August 4, 2009, order divorcing the parties was based only on the parties’ stipulations and not on any evidence indicating that the parties were incompatible or that there had been an irretrievable breakdown of the marriage. Accordingly, the judgment of divorce “was without statutory authority and thus without the jurisdiction of the court.” Johns, 49 Ala.App. at 320, 271 So.2d at 516. This court “cannot supply jurisdictional requirements.” Helms, 50 Ala.App. at 455, 280 So.2d at 161. Therefore, under the circumstances of this case — in which the trial court ordered the parties to stipulate to the divorce and was not presented with any evidence as to grounds for a divorce— we are required to reverse the order of the trial court divorcing the parties.
The husband also raises a number of other issues regarding the award of child support and postminority support and the division of marital property. However, as our supreme court explained, “this Court having determined that there was no authority in the court to grant a divorce, there can be no award of alimony nor a property settlement due to dissolution of the marriage. Mason v. Mason, 276 Ala. 265, 160 So.2d 881 [(1964)].” Johns, 49 Ala.App. at 320, 271 So.2d at 516. It also follows that, at this point, there can be no award of child support nor a division of the marital property in this case based on the “consensual” dissolution of the parties’ marriage. See Mason v. Mason, 276 Ala. 265, 267-68, 160 So.2d 881, 883 (1964).
For the reasons set forth above,. the judgment of the trial court is reversed, and this cause is remanded to the trial court. On remand, the trial court is to conduct an evidentiary hearing only on the issue of the grounds for divorce and to enter a judgment encompassing all the issues in this matter.
APPLICATION OVERRULED; OPINION OF MARCH 22, 2013, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.
PITTMAN, J., recuses himself.

. On January 28, 2011, this court dismissed the husband’s appeal from the March 5, 2010, order on the ground that there was a "lack of conclusiveness and certainty in the order as to the issue of child support, [and therefore] the order was not a final judgment and this court [did] not have jurisdiction over the husband’s appeal.” Dubose v. Dubose, 72 So.3d 1210, 1212 (Ala.Civ.App.2011) (citation omitted).

. The record indicates that the husband was incarcerated in the federal prison system at the time.