THOMPSON, Presiding Judge,
concurring in the result in part and dissenting in part.
I concur only in the result reached by the main opinion with regard to its discussion of the issue whether the pendency of the husband’s petition for certiorari review of this court’s judgment of reversal "in Williams v. Williams, [Ms. 2130615, Nov. 14, 2014] —- So.3d - (Ala.Civ.App.2014), precluded the trial court’s-consideration of the parties’ claims seeking to be divorced on the basis of incompatibility. The wife argued that the trial court could not enter the divorce judgment because the issue of the validity of the prenuptial agreement governing issues pertaining to property division was still the subject of review in the appellate courts. In her brief submitted to this court, the wife correctly argues that, while an appeal is pending in an appellate court, a trial court lacks jurisdiction to rule in the action except as to matters that are “entirely collateral” to the issues before the appellate court. See M.G. v. J.T., 105 So.3d 1232, 1233 (Ala.Civ.App.2012). The wife has failed to present, and my research did not disclose, authority to support the proposition that, when an order addressing other issues in a divorce action has been certified as final pursuant to Rule 54(b), Ala. R. Giv. P,, the issue of a claim for a divorce is not “entirely collateral” to the issues presented to the appellate court. Accordingly, I concur in the result reached by the main opinion in rejecting the wife’s argument as to this issue; I do not believe that the wife demonstrated error in the argument she raised in her brief submitted to this court.
I dissent from the determination in the main opinion that the wife did not demonstrate that the trial court erred in failing to conduct a hearing before divorcing-the parties on' the basis of incompatibility. Alabama law provides that a divorce based on incompatibility may not be obtained merely on the agreement of the parties but that, instead, the trial court must receive “testimony” establishing incompatibility as a ground for the divorce. § 30-2-1(7), Ala. Code 1975. See also § 30-2-3 (forbidding divorce by consent of the parties); Dubose v. Dubose, 132 So.3d 17, 20 (Ala.Civ.App.2013) (citing Wright v. Wright, 55 Ala.App. 112, 114, 313 So.2d 540, 641-42 (Civ.1975), and Johns v. Johns, 49 Ala.App. 317, 320, 271 So.2d 514, 515-16 (Civ.1973)). Thus, the wife is correct in her argument asserted before this court that mere allegations of incompatibility are not a sufficient basis for obtaining a divorce. Phillips v. Phillips, 49 Ala.App, 514, 274 So.2d 71 (1973). Rather, as noted, § 30-2-1(7), Ala.Code 1975, provides that a circuit court may divorce the parties on the basis of incompatibility “when the court is satisfied from all the testimony in the case that there exists such a complete incompatibility of temperament that the parties can no longer live together.” The trial court’s jurisdiction in a divorce action is statutory; facts supporting the exercise of jurisdiction, such as facts supporting a finding of incompatibility, must appear in the record in order for the trial court to exercise jurisdiction to enter a divorce judgment. Crenshaw v. Crenshaw, 646 So.2d 144, 145 (Ala.Civ.App.1994).
The main opinion equates the wife’s verified complaint for a divorce with an affidavit sufficient for the purposes of Rule 56(e), Ala. R. Civ. P., to support a ruling on the merits. In doing so, it relies on Kessler v. Gillis, 911 So.2d 1072, 1080 (Ala.Civ.App.2004), a plurality opinion in which four judges of this court concurred in the result. In Kessler v. Gillis, supra, the plurality opinion did not conclude that the *485 verified complaint in that case was sufficient under Alabama law as an affidavit— i.e., that it was sufficient as evidence in support of, or in opposition to, a Rule 56 summary-judgment motion; -rather, that plurality opinion noted that other jurisdictions and many -federal courts had reached that conclusion. In reaching its result in Kessler v. Gillis, the plurality determined that there was no contradiction between an affidavit submitted in opposition to the summary-judgment motion and the allegations made in the verified complaint. In Dunn v. Dunn, 124 So.3d 148, 151 (Ala.Civ.App.2013), and Dubose v. Dubose, 964 So.2d 42, 44 n. 1 (Ala.Civ.App.2007), this court construed factually specific verified postjudgment motions-as affidavits sufficient to warrant the granting of a request for a hearing on those postjudgment motions.[3] My research has located no authority in which an Alabama appellate court has held, in a majority opinion, that a verified complaint is equivalent to an affidavit for the purposes of Rule 56(e), which governs the form and content of affidavits filed for summary-judgment purposes, or, more to the point in this case, that a verified complaint can be. interpreted to constitute “testimony” for the purposes of § 30-2-1(7), Ala.Code 1975. ■
I would not hold that a verified complaint is sufficiently equivalent to the testimony required under § 30-2-1(7), which requires that the trial court be “satisfied from all the testimony in the case” that the parties are incompatible in order to exercise jurisdiction pursuant to § 30-2-1. (Emphasis' added.) Rather, I conclude that, in enacting § 30-2-1(7), our legislature intended that a trial court receive at least some oral, testimony or testimony by way of affidavits from the parties to a divorce action on the issue of incompatibility as; the ground for a divorce, i.e,, that they are-sufficiently incompatible such that a divorce is- warranted. “ ‘Testimony’ is défined as ‘[ejvidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition,’ Black’s Laiv Dictionary, 1485 (7th ed.1999).” K.D.H. v. State, 849 So.2d 983, 989 (Ala.Crim.App.2002); see also Black’s Law Dictionary 1704 (10th ed.2014) (same). This is particularly true, where, as here, the wife has alleged both verbal abuse and incompatibility as grounds for a divorce; the trial court, upon receiving the testimony required by § 30-2-1(7) could divorce the parties on the basis of cruelty or another ground different than that alleged in the parties’ pleadings.[4] See Lassitter v. Lassitter, 371 So.2d 918, 919 (Ala.Civ.App.1979) (“Although there was no specific allegation of cruelty in the complaint for divorce, the trial court had the authority under [Rule] 15(b)[, Ala. R. Civ. P.,] to grant the divorce upon unrequested grounds so long as there is. sufficient support in the evidence for the decree.”).
Further, I disagree with the main opinion’s conclusion that the husband’s March 27, 2014, affidavit alone was sufficient to support the entry of a divorce judgment under § 30-2-1(7). The main opinion, relying on Ex parte Robertson, 174 So.3d 970 (Ala.Civ.App.2014), concludes that “[a]n affidavit from either party stating a ground for a divorce suffices as testimony regarding that ground for a divorce.” 197 So.3d at 483. However, the comparable proposi *486 tion in Ex parte Robertson, supra, is not supported by any citation to authority, and, in that case, this court noted that the wife had provided oral testimony ■ before the trial cóurt. See Ex parte Robertson, 174 So.3d at 973. The language of § 30-2-1(7) requires that a trial court be “satisfied from all the testimony in the case” that the parties are incompatible. I do not construe that provision as being satisfied by basing a decision on “all the testimony” of one spouse without affording the other spouse an opportunity to provide testimony. This court should not summarily hold, without adequate argument from interested parties, that the affidavit of only one party to a divorce action is sufficient, by itself, to support a finding that the parties to the divorce action are incompatible.
In Alabama, a trial court may divorce the parties on the ground of incompatibility even when other grounds, such as adultery, are alleged, see Crowder v. Crowder, 166 So.3d 135, 137 (Ala.Civ.App.2014), and Allen v. Allen, 53 So.3d 960 (Ala.Civ.App.2010), or even when one party does not desire the divorce. See Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71 (Civ.1973). In addition, a trial court may, under Rule 15(b), Ala. R. Civ. P., consider the evidence presented to it and divorce the parties on an alternate ground or one not alleged in the complaint.' Lassitter v. Lassitter, supra.
It is common for parties to allege in their complaints for a divorce alternate bases for seeking a divorce; the parties sometimes allege both incompatibility and misconduct, such as abuse or adultery, for example. In this case in particular, in addition to alleging incompatibility as a basis for seeking a divorce, the wife has also alleged that the husband verbally abused her. A finding of fault in bringing about the end of a marriage, even when the parties are divorced on the basis of incompatibility, may affect the distribution of property. Baggett v. Baggett, 855 So.2d 556, 559 (Ala.Civ.App.2003). Thus, basing a finding of incompatibility solely on the affidavit of only one of the parties to a divorce action — and failing to allow the other spouse to present evidence, either by affidavit' or by oral testimony, on the issue of the basis for the divorce — could affect the rights of the other spouse. Allowing one party to obtain a divorce on the basis of incompatibility based merely on the submission of an affidavit by .that party might operate to prevent the other spouse from adequately, presenting evidence on the issue of misconduct or from opposing the divorce action itself. As the wife has argued in her brief submitted to this court, she was deprived of the ability to present evidence of the husband’s misconduct to the trial court.
I realize that evidence of fault in bringing about the end of a marriage may be presented to the trial court as evidence to pertaining to one of many factors a trial court may consider when it fashions a property division. See Baggett v. Baggett, 855 So.2d at 559-60 (discussing the factors, including the fault of the parties, that are to be considered by the trial court in fashioning a property division). As a practical matter, I do not see the point of having a trial court divorce parties on the basis of incompatibility without receiving evidence and then, later, hearing evidence on the issue of fault. Such a result is avoided by compliance with § 30-2-1(7), which requires that a trial court base an incompatibility finding on “all the testimony” presented. When both of the parties present testimony, either oral or through affidavits, to the trial court, the trial court can determine the basis upon which it can exercise its jurisdiction over the divorce action. I believe that § 30-2-1(7) requires that both parties in this case be afforded an opportunity to present evidence before *487 the trial court regarding the basis for their claims for a divorce or should be allowed to agree to submit the issue on affidavits from each party. Accordingly, I dissent from the main opinion on this issue.
MOORE, J., concurs.

. " ‘[V]erification alone does not necessarily convert a pleading into an- acceptable affidavit.’ ” Ex parte Quinlan, 922 So.2d 914, 917 (Ala.2005) (quoting 5A Charles Alan Wright & Arthur K. Miller, Federal Practice and Procedure: Civil 3d % 1339 (2004)).

. The wife’s complaint contains an allegation that the parties had engaged in a "nontraditional lifestyle,”